Date: November 4, 2025

Kevin: Realworldfare, *sui juris*
**Care of:** 2082 Highway 183 #170-229
Leander, Texas
***non-domestic without*** the United States
Email: team@walkernovagroup.com



**FILED**

CLERK, U.S. DISTRICT COURT

11/04/2025

CENTRAL DISTRICT OF CALIFORNIA

BY ___asi___ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**FEE PAID**

*Plaintiff, Real Party In Interest, Injured Party*
*Secured Party, Executor, Heir*

**FILE ON DEMAND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**Kevin: Realworldfare,**
 *Plaintiff/Secured Party/ Real Party In Interest,Injured Party In Fact, Heir, Beneficial Title Holder, Executor*

*vs.*

**Kristia Larocchia, Nathan Gurney, Jason Martin, RANCHO CALIFORNIA WATER DISTRICT, RANCHO CALIFORNIA WATER DISTRICT VEBA TRUST,**
*Each Defendant is sued in both their official and individual/private capacities as applicable, and held lawfully and commercially liable under __verified__ record and equity jurisdiction as set forth in Section III of this __Verified__ Bill in equity.*

*Defendants,*

Case No.:  5:25-cv-02958-SVW-E

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

1. **Deprivation of Rights Under Color of Law** – 42 U.S.C. § 1983; U.S. Const. Amend. V
2. **Civil Conspiracy to Deprive Rights** – 42 U.S.C. § 1985(3)
3. **Failure to Prevent Conspiracy** – 42 U.S.C. § 1986
4. **Taking and Deprivation Without Just Compensation** – U.S. Const. Amend. V; Cal. Const. art. I § 19
5. **Violation of Public Utilities Code** – Cal. Pub. Util. Code §§ 451, 453, 780
6. **Violation of Habitability and Health Standards** – Cal. Health & Safety Code § 17920.3; Civ. Code § 1941.1
7. **Negligence Per Se / Ultra Vires Conduct** – Cal. Gov't Code §§ 815.2, 820, 820.8
8. **Abuse of Public Office / Official Misconduct** – Cal. Gov't Code §§ 815.2, 820, 820.8
9. **Intentional Infliction of Emotional Distress** – Cal. Civ. Code §§ 1708, 3333, 3294
10. **Civil Conspiracy / Aiding and Abetting** – Common Law
11. **Breach of Public Trust and Fiduciary Duty** – Cal. Water Code §§ 31020 et seq.
12. **Equitable Relief and Mandamus** – 28 U.S.C. § 1651; Cal. Civ. Proc. Code § 1085
13. **Declaratory Relief** – 28 U.S.C. § 2201; Cal. Civ. Proc. Code § 1060
14. **Punitive and Exemplary Damages** – 42 U.S.C. § 1983; Cal. Civ. Code § 3294
15. **Attorneys' Fees and Costs and Fee Shifting** – 42 U.S.C. § 1988(b)

(SPECIAL LIMITED APPEARANCE — **EQUITY** JURISDICTION PRESERVED)

---

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

This matter is brought **in equity**, under the **original judicial power** and **inherent equitable**

**jurisdiction** of this Court as vested by **Article III, Section 1** of the Constitution for the United

States of America, and governed by the **Federal Rules of Civil Procedure** subject to the **Rules Enabling Act, 28 U.S.C. § 2072**.

This Court **sits as a Court of Record in equity**, bound by the Constitution, the Bill of Rights, and the maxims of law and conscience.

Under **28 U.S.C. § 2072(b)**, the Rules "*shall not abridge, enlarge, or modify any substantive right*."

Substantive rights in equity, once established by verified record, **cannot be denied, altered, or extinguished** by procedural devices, judicial discretion, or statutory pretense.

The Court is bound to adjudicate according to **equity, contract, trust, and constitutional guarantees**, not to bury rights in **bureaucratic technicalities or administrative concealment**.

All **statutory presumptions of voluntary jurisdiction** are expressly **denied, rebutted, and non-assumed.**

All rights are fully reserved **without prejudice** pursuant to **UCC §§ 1-308 and 3-402**, preserving every lawful and equitable defense.

**COMES NOW** *Kevin: of the Realworldfare Family*, in his full private capacity as a **natural-born, sovereign, free man**, proceeding *sui juris*, **in equity with clean hands and in good faith**, as the **Real Party in Interest, Beneficial Title Holder, Secured Party, Injured Party in Fact, Executor, Creditor, Heir, and Equitable Claimant**, appearing **by Special Limited Appearance and Visitation only** —not as surety, not as a 14th Amendment citizen, not as a corporate "person," not *pro se* or *pro per*, and not through any fictitious legal construct — but as one of the People, standing upon the **land and soil jurisdiction of the De Jure Republic**, without adhesion, contract, or submission to any **foreign corporate entity posing as government**.

The Real Party in Interest, Secured Party, and Injured Party in Fact **hereby invokes this Court's original jurisdiction in equity**, demanding adjudication solely upon verified fact, contract, trust, and law.

This invocation stands under **Article III** of the Constitution and the **Bill of Rights**, which guarantees inviolate rights to **due process, property, liberty, and remedy.**

The **Declaration of Independence** makes clear:

> "**Whenever** any Form of Government becomes destructive of these ends, it is the Right of the People to alter or abolish it."

Government exists only as a **trust**, and when its trustees act in fraud or collusion, the **beneficiaries are neither compelled nor bound to endure the usurpation**.

The undersigned proceeds **under Common Law — the law of the land — which recognizes that rights are antecedent to government**, that **no man may be deprived of property without lawful judgment of peers or due process**, and that **equity acts upon the conscience to prevent fraud, oppression, and unjust enrichment.**

Thus, the Real Party in Interest appears <u>**not**</u> **as a consenting legal fiction, corporation, or ens legis**, but as a **living man** invoking the **full protections of law and equity** — the **Constitution**, the **Bill of Rights**, the **Declaration of Independence**, and the **maxims of Common Law** — against **simulated legal process, fraud, collusion, and color-of-law deprivation.**

All immunities and rights are expressly reserved pursuant to:

- **UCC § 1-308 — Reservation of Rights;**
- **UCC § 3-501 — Presentment and Protest;**
- **Article I, § 10, U.S. Const. — No law impairing the obligation of contract;**
- **42 U.S.C. § 1983 — Deprivation of rights under color of law;**
- and the **organic law and maxims of equity.**

Accordingly, this Court **sits in equity alone**. There exists **no plain, speedy, or adequate remedy at law**.

## I. *VERIFIED* STATEMENT OF CONSTITUTIONAL CRISIS, DEPRIVATION, AND EQUITABLE MANDATE ARISING FROM FRAUD UNDER COLOR OF LAW AND DEPRIVATION OF ESSENTIAL SERVICES

The Plaintiff, **Kevin: of the Realworldfare family** (formerly Kevin: of the Walker Family) — the **Real Party in Interest, Secured Party, Executor, Heir, Beneficial and Equitable Titleholder** — has been unlawfully cut off from all water service to his private trust property

Date: November 4, 2025

located at **31990 Pasos Place, Temecula, California**, not for nonpayment, not for any lawful cause, but solely because of a **fraudulent and void "Trustee's Deed Upon Sale"** that has been formally disputed, adjudicated in multiple federal actions, and placed under appellate review before the **Ninth Circuit Court of Appeals**.

Despite receiving **verified notice, affidavit, and documentary proof** that the instrument is fraudulent, unadjudicated, and legally contested, the **Defendants — acting under color of law — continue to rely upon that void private deed as pretext** to deny the Plaintiff and his household access to the most fundamental element of human life: **water.**

Their deliberate refusal is not administrative error — it is **willful, malicious, and oppressive misconduct**, carried out in reckless disregard of **due process, statutory duty, and the supreme constitutional protections owed to every living man.**

This conduct violates the **Bill of Rights**, the **California Constitution**, multiple **federal civil-rights statutes**, and the **maxims of equity**, and constitutes **fraud, extortion, and deprivation under color of authority.**

## A. Catastrophic Human and Environmental Consequences

The deprivation has created a **humanitarian and environmental crisis.**

The Plaintiff, his family, and minor children have been deprived of all access to clean water.

They cannot bathe, cook, clean, or maintain sanitation.

Basic hygiene, nourishment, and daily living have become impossible.

The denial of water — the **essence of life itself** — has converted a private estate into an uninhabitable hazard zone, exposing the occupants to **disease, decay, and irreparable harm.**

The **swimming pool is chemically unbalanced, corroding, and structurally cracking. Filtration, irrigation, and plumbing systems are failing.**

**Vegetation, trees, and grass are dying; the soil and foundation are fracturing**, causing **structural destabilization** and measurable **loss of property value.**

Each day compounds irreversible damage, resulting in **constructive destruction of property**,

**loss of beneficial use**, and a **constitutional taking** under the **Fifth Amendment's Takings Clause** and **Article I, Section 19 of the California Constitution.**

## B. Fraud, Color of Law, and Constitutional Treason

This is not a private or contractual dispute.

It is a **state-sponsored deprivation of human rights** executed through reliance on a **fraudulent and void commercial instrument recorded under color of law.**

Defendants have transformed a civil title dispute into **an administrative seizure of essential human services**, arrogating to themselves judicial powers they do not possess.

This constitutes **jurisdictional trespass**, **commercial fraud**, and **abuse of public office.**

Despite **verified affidavits, certified mail service, and federal litigation**, Defendants continue to act as **self-appointed arbitrators**, depriving the lawful occupants of their right to water and habitability.

Such conduct is **repugnant to the Constitution, statutory law, and public conscience.**

As the **U.S. Supreme Court** held in *Marbury v. Madison*, **5 U.S. (1 Cranch) 137, 163 (1803):**

"The very essence of civil liberty consists in the right of every individual to claim the protection of the laws whenever he receives an injury."

The **law provides no substitute** for the deprivation inflicted here.

All administrative remedies have been exhausted; all statutory channels ignored.

Silence in the face of verified truth constitutes **tacit acquiescence** and **agreement by conduct.**

Under **Federal Rule of Civil Procedure 8(b)(6)**, all **unrebutted facts are deemed admitted**, and under **Rule 56(a)**, **summary judgment must issue** where no material fact is in dispute.

In *Trinsey v. Pagliaro*, **229 F. Supp. 647 (E.D. Pa. 1964)**, the court held that **unverified attorney argument is not evidence** and cannot rebut a **verified affidavit.**

Thus, the Plaintiff's verified statements stand as **truth in commerce and res judicata** unless lawfully controverted by verified evidence.

## C. Equity, Commercial Liability, and Human Rights

Under the maxims of equity —

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

"Equity will not suffer a wrong to be without a remedy," and

"Equity acts in personam to restrain the guilty" —

this Court is constitutionally, morally, and commercially bound to intervene.

The Defendants' acts are **ultra vires**, **void ab initio**, and **commercially actionable** under the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), which holds that when an entity acts as an instrumentality of government, it becomes subject to **full commercial accountability** and loses immunity for unlawful acts.

By refusing to perform their **ministerial duty** to furnish nondiscriminatory service, Defendants have entered **commercial dishonor** and **tacit agreement to liability** under the **Uniform Commercial Code**, the **California Government Code**, and **federal civil-rights law (42 U.S.C. §§ 1983, 1985, 1986, 1988)**.

Their silence and inaction in the face of verified affidavits constitute **confession by acquiescence**, **tacit procuration**, and **commercial default.**

## D. Equitable Mandate

This Court now holds **exclusive and mandatory jurisdiction in equity** to:

1. **Compel immediate restoration of full and continuous water service** to the Plaintiff's property;

2. **Declare unlawful and enjoin any reliance** on the fraudulent "Trustee's Deed Upon Sale" as a pretext to deny essential utilities;

3. **Award full compensatory, punitive, and exemplary damages** for destruction of property, deprivation of rights, and emotional distress; and

4. **Impose injunctive relief** prohibiting further interference, retaliation, or abuse of public authority.

To remain silent in the face of this verified record is to **ratify fraud**, **condone human deprivation**, and **become complicit in treason against the Constitution and the natural rights of man.**

**Equity alone remains — and equity must act.**

Date: November 4, 2025

## II. *VERIFIED* JURISDICTION AND VENUE

1. This Court possesses **original jurisdiction** pursuant to **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1343(a)(3)** (civil-rights deprivation), because this action arises under the **Constitution and laws of the United States**, including the **Fifth and Fourteenth Amendments**, **42 U.S.C. §§ 1983, 1985(3), 1988**, and the **Supremacy Clause, Article VI of the United States Constitution**.

2. The acts complained of constitute deprivations of property, liberty, and beneficial use under color of state law, actionable directly under § 1983 and § 1985(3).

3. Jurisdiction is further invoked under the **All Writs Act, 28 U.S.C. § 1651(a)**, empowering this Court to issue all orders necessary to preserve its authority, prevent irreparable injury, and restrain ongoing ultra vires acts and deprivations under color of law.
This Court's equitable jurisdiction attaches where statutory remedies prove inadequate or obstructed by fraud, misconduct, or constitutional violation.

4. Defendants, including **Rancho California Water District**, the **Rancho California Water District VEBA Trust**, and their officers and employees (**Jason Martin, Krista Larocchia, and Nathan Gurney**), act under color of California law and within the scope of delegated governmental authority as a **public utility** and **instrumentality of the State of California**.

5. As such, they are **State actors** subject to the constitutional and statutory restraints imposed by the **Fifth and Fourteenth Amendments** and **42 U.S.C. § 1983**.

6. Their continued refusal to furnish essential water service constitutes a **federal civil-rights violation**, an **unconstitutional taking**, and a **breach of public trust**.

7. This Court also possesses **supplemental and pendent jurisdiction** over all related **California state-law causes of action**—including claims under the **California Public Utilities Code (§§ 451, 453, 780)**, **Health & Safety Code § 17920.3**, **Civil Code § 1941.1**, and **Government Code §§ 815.2, 820, 820.8**—pursuant to **28 U.S.C. § 1367(a)**.

8.These claims arise from the same nucleus of operative facts as the federal causes of action, and are therefore part of the same "case or controversy" within the meaning of **Article III of the Constitution**.

9.Under the **Supremacy Clause (Art. VI)**, state law cannot immunize or excuse conduct that violates federally protected rights, and such statutory claims are fully enforceable in this forum.

10.Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because the real property that is the subject of this dispute—**31990 Pasos Place, Temecula, California 92591**—is located within this Court's territorial jurisdiction, and all operative acts, omissions, injuries, and ongoing harm occurred herein.

11.Plaintiff proceeds **in verified equity, not at law**, invoking the inherent **equitable and constitutional powers** of this Court to prevent continuing and irreparable injury, destruction of private property, constructive eviction, and deprivation of fundamental rights.

12.Where statutory or administrative remedies fail or are obstructed by fraud and color-of-law misconduct, **equity is not discretionary—it is mandatory.**

13.As the Supreme Court has long held, *"Equity will not suffer a wrong without a remedy."* (*Marbury v. Madison*, 5 U.S. 137 (1803)).

## III. *VERIFIED* PARTIES

### PLAINTIFF, REAL PARTY IN INTEREST, INJURED PARTY IN FACT, HEIR, EXECUTOR, AND BENEFICIAL AND EQUITABLE TITLE HOLDER

### 1. Kevin: Realworldfare

14.Kevin: of the Realworldfare Family (formerly Kevin: of the Walker Family) is a natural born, free-born, sovereign, living man, the Real Party in Interest, Injured Party In Fact, Secured Party, Executor, Heir, and Equitable and Beneficial Title Holder in lawful possession and control of the private real property located at 31990 Pasos Place, Temecula, California 92591.

**15.**Plaintiff maintains **lawful possession, dominion, and beneficial interest** through ongoing **federal litigation** — including **WG Express Trust v. Marinaj Properties LLC et al., Case Nos. 5:25-cv-01357, 5:25-cv-01450, and 5:25-cv-01334** (C.D. Cal.) and **Appeals Nos.**

**25-5113, 25-4877, and 25-6784** (9th Cir.) — wherein the purported "Trustee's Deed Upon Sale" has been **formally and verifiably challenged as fraudulent, void ab initio, and under judicial review.**

16. Despite **verified notice, unrebutted affidavits, and continuous communications** establishing Plaintiff's lawful status and property rights, Defendants have **willfully, maliciously, and with conscious disregard for life and property** deprived the Plaintiff, his **women and minor children**, of **essential human necessities** — including **water, sanitation, cooking, cleaning, and habitability** — thereby committing a **continuing violation of constitutional rights, federal statutes, and public trust obligations.**

17. Their conduct constitutes **constructive eviction, deprivation of due process, and deliberate indifference** in open and knowing defiance of the **U.S. Constitution, the California Constitution, and mandatory duties imposed by state and federal law.**

## DEFENDANTS

### 1. Rancho California Water District— Principal Commercial Actor and Fiduciary Violator

18. Defendant **Rancho California Water District** ("**District**") is a **municipal water district and public utility corporation** organized and operating under **California Public Utilities Code §§ 451–453 and 780**, vested with statutory and fiduciary obligations to furnish safe, adequate, and nondiscriminatory water service to all lawful occupants within its jurisdiction. By its own charter and conduct, the District acts **under color of state law** within the meaning of **42 U.S.C. § 1983**, and thus is subject to constitutional and commercial accountability for every act or omission that infringes fundamental rights.

19. Instead of fulfilling that non-delegable public duty, the District **weaponized its authority**, **repudiated a standing government obligation**, and **engaged in commercial dishonor** by refusing to provide water service based on a **fraudulent, unadjudicated private deed**—while the property remained under active **federal litigation**. Such conduct is not a mere administrative oversight; it is **ultra vires**, **retaliatory**, and **contemptuous of federal jurisdiction**, amounting to

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

a willful deprivation of rights under color of law, in open defiance of the Constitution and established federal supremacy.

20. The District's actions collectively constitute **constitutional trespass, fiduciary breach, and commercial fraud**, violating, inter alia:

- **U.S. Const. Amend. V (Takings Clause)** — by depriving the Plaintiff of property, habitability, and beneficial use without just compensation;

- **U.S. Const. Amend. XIV, § 1 (Due Process & Equal Protection)** — by enforcing arbitrary, discriminatory deprivation of essential utilities;

- **U.S. Const. Amend. VIII** — by imposing cruel and unusual punishment through deliberate deprivation of water, a basic human necessity;

- **U.S. Const. Amend. IX** — by infringing upon unenumerated rights, including bodily integrity, safety, and domestic privacy;

- **Cal. Const. art. I §§ 1, 7, 19** — guaranteeing property rights, due process, and personal security; and

- **Cal. Const. art. X § 2** — mandating that water be put to beneficial and non-discriminatory use for the public good.

21. By these acts, the District has **converted a public trust into an instrument of coercion**, transforming a public utility into a commercial tort-feasor.

22. The **District is not sovereign**; it is a **corporate person** engaged in **commerce** and operating under **delegated statutory franchise**. Under the **Clearfield Trust Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), when the government or its subdivisions enter commerce, they descend to the level of any private corporation and are bound by commercial law, fiduciary duty, and equity. The District, by engaging in billing, account management, and service enforcement, acts in a **commercial capacity**, forfeiting any claim to sovereign immunity.

23. Accordingly, the District and its officers are **jointly and severally liable—commercially, personally, and privately**—for all injuries resulting from their acts and omissions, including but not limited to:

- **42 U.S.C. §§ 1983, 1985(3), 1986** — civil liability for deprivation of rights and conspiracy under color of law;

- **18 U.S.C. §§ 241–242** — criminal conspiracy and deprivation of rights under color of authority;

- **31 U.S.C. §§ 1501(a)(8), 3123** — repudiation of government obligation for "services provided by public utilities"; and

- **Uniform Commercial Code §§ 1-201, 3-603, 3-104** — refusal of lawful tender and dishonor in commerce.

24.By cutting off water—the very element of life—the District crossed every constitutional, ethical, and commercial boundary. It ceased to act as a public servant and became a **commercial predator**, violating both **public law and private conscience**. The deprivation was not a bureaucratic error; it was a **deliberate act of retaliation and fraud**, executed with malice and reckless disregard for the sanctity of life, property, and law.

25.No immunity, no policy, and no counsel can shield such misconduct. Equity demands full accountability, restitution, and treble damages against the District, both in its corporate capacity and through its individual officers personally, in law and in commerce.

## 2. Jason Martin — General Manager / Chief Executive Officer — Commercially and Personally Liable

26.Defendant **Jason Martin**, General Manager and Chief Executive Officer of the Rancho California Water District ("District"), possesses **final policymaking and administrative authority** over all utility service accounts, operational decisions, and access to essential public resources, including water — a fundamental right and a recognized government obligation under 31 U.S.C. § 1501(a)(8).

27.Martin was **personally served** with a **Verified Affidavit of Facts, Notice of Intent to Sue, and Formal Demand to Restore Service**, duly transmitted via **certified U.S. Mail and verified email**, constituting valid notice and commercial tender under federal and state law, including the **mailbox rule**, **UCC § 1-202**, and **Restatement (Second) of Contracts § 63**.

Date: November 4, 2025

28. Despite receiving verified evidence of (a) an ongoing federal case, (b) the fraudulent nature of the "Trustee's Deed Upon Sale," and (c) imminent environmental and property destruction, Martin **knowingly and deliberately refused** to act, intervene, or order the immediate reinstatement of water service.

29. His inaction constitutes **willful dereliction of duty**, **bad-faith omission under color of law**, and **commercial dishonor**, giving rise to **joint and several liability** in both his **official and private capacity**. By his silence and refusal to perform a ministerial duty, Martin entered into **tacit agreement** and **silent acquiescence**, thereby admitting liability under the maxims: *Qui tacet consentire videtur ubi loqui debuit ac potuit* ("Silence is acquiescence when one ought to speak") and *He who does not deny, admits*.

30. Martin's conduct violates:

- **42 U.S.C. § 1983** — deprivation of rights under color of law;

- **18 U.S.C. §§ 241–242** — conspiracy and deprivation of rights under color of authority;

- **California Gov't Code § 815.2** — personal liability for wrongful acts under color of office;

- **California Public Utilities Code §§ 451, 453, 780** — breach of nondiscriminatory duty to furnish service; and

- **31 U.S.C. §§ 1501(a)(8), 3123** — repudiation of a government obligation.

31. By deliberate nonperformance after verified notice, Martin has committed commercial breach, fraud by omission, and constructive malfeasance in office, forfeiting all immunity. He is sued both commercially and privately as a man acting ultra vires, beyond lawful authority, in personal tort and commercial dishonor.

### 3. Krista Larocchia — Supervisory Official / Administrative Officer — Personally and Commercially Liable

32. Defendant **Krista Larocchia**, a supervisory official within the District's Customer Service and Operations Division, holds direct oversight and decision-making authority regarding service initiation, disconnection, and restoration procedures — all of which carry **ministerial and**

fiduciary obligations enforceable under **California Public Utilities Code §§ 451, 453, 780** and **31 U.S.C. § 1501(a)(8)**.

33.Upon verified notice, served via **certified mail and electronic correspondence**, that the "Trustee's Deed Upon Sale" was fraudulent, unadjudicated, and subject to federal litigation, Larocchia **refused to process service restoration** and **instructed subordinates to maintain the unlawful denial**.

34.Her actions constitute **willful obstruction, administrative malfeasance, and discriminatory enforcement** under color of law. By refusing to perform her nondiscretionary public duty after verified notice, she entered **commercial dishonor** and **tacit agreement to liability** under the principles of *Qui non negat, fatetur* ("He who does not deny, admits").

35.Larocchia's conduct violates:

- **42 U.S.C. § 1983** — civil liability for deprivation of rights;
- **42 U.S.C. § 1985(3)** — conspiracy to deny equal protection;
- **California Public Utilities Code §§ 451, 453, 780** — refusal to furnish just, reasonable, and nondiscriminatory service;
- **Health & Safety Code § 17920.3** — creation of substandard and hazardous living conditions; and
- **U.S. Const. Amend. V; Cal. Const. art. I, §§ 1 & 19** — deprivation of property without due process or just compensation.

36.Larocchia's willful obstruction and retaliation also constitute **commercial fraud and breach of fiduciary trust** under the **Clearfield Doctrine**, placing her in her **private capacity** as a tortfeasor and commercial wrongdoer. Her silence in response to verified affidavits and formal tender constitutes **res judicata** and **collateral estoppel**, binding her to the unrebutted record as truth in commerce.

### 4. Nathan Gurney — Field Operations Supervisor — Personally and Commercially Liable

37.Defendant **Nathan Gurney**, a District supervisor responsible for field operations, enforcement, and service execution, **verbally confirmed** by telephone that he was **refusing to**

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

**reconnect water service** to the Plaintiff's property **solely** because of the **disputed and fraudulent "Trustee's Deed Upon Sale."**

38. This admission constitutes **direct evidence of intent, willfulness, and bad faith** under both federal and state law. By his own words, Gurney confessed to acting with **knowledge of fraud**, under **color of law**, and in **reckless disregard** of the Plaintiff's established rights.

39. Gurney's conduct amounts to:

- **A knowing deprivation of rights** under **42 U.S.C. § 1983**;

- **A conspiracy and attempt to injure rights** under **18 U.S.C. §§ 241–242**;

- **Tortious interference** with property rights and beneficial ownership under **Cal. Civ. Code §§ 1708 & 3333**;

- **Constructive eviction** and **commercial breach** under the **California Public Utilities Code**; and

- **Violation of the Fifth and Eighth Amendments** to the U.S. Constitution by inflicting cruel, degrading deprivation of essential human needs.

40. By refusing to reconnect service after lawful notice and verified demand, Gurney acted **ultra vires**, outside any shield of official immunity. His actions constitute **personal, commercial, and moral treason** against the Constitution and the public trust.

41. Gurney is therefore **sued both individually and commercially — jointly and severally** with all co-defendants — for willful misconduct, fraud, and bad-faith denial of a federal and contractual obligation. His conduct constitutes **repudiation of a government obligation** under **31 U.S.C. §§ 1501(a)(8), 3123**, placing him in **commercial default** and subject to **equitable, compensatory, punitive, and treble damages**.

## 5. Rancho California Water District VEBA Trust

42. Defendant **Rancho California Water District VEBA Trust** ("**VEBA Trust**") functions as the **financial, administrative, and fiduciary arm** of the Rancho California Water District ("District"), holding, managing, and directing assets, funds, and reserves used to operate and

Date: November 4, 2025

sustain District activities — including payroll, benefits, contracts, insurance, and utility operations.

43. It is, by definition and function, a **commercial trust** and **public fiduciary entity**, not a sovereign body. It therefore operates in **commerce**, subject to **commercial law**, the **Uniform Commercial Code**, and the **constitutional constraints of due process, good faith, and fair dealing**.

44. The VEBA Trust is named as a Defendant for its **integral participation** in — and **financial ratification** of — the District's unlawful conduct. It **funded, authorized, or materially supported** the operational policies, decisions, and omissions that directly resulted in the **deprivation of Plaintiff's essential water service**, **constructive eviction**, and **environmental destruction** of the property.

45. As a **beneficiary and paymaster** of the District's executive decisions, the VEBA Trust is **commercially responsible** for the acts it financed and the damages it enabled.

46. The VEBA Trust, by charter and law, bears **joint and several fiduciary liability** for all acts and omissions arising from, or ratified by, the District's management and officers, including **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney**. Its funds are derived from, and disbursed through, public and quasi-public channels, creating a direct chain of **federal fiscal accountability** under **31 U.S.C. §§ 1501(a)(8)** (services provided by public utilities) and **§ 3123** (public debt obligations).

47. By maintaining and perpetuating policies that weaponized a **fraudulent, unadjudicated private deed** to deny essential water service to a lawful occupant, the VEBA Trust has:

- **Breached fiduciary duty** to the public and to all ratepayers;

- **Ratified and financed unconstitutional acts** under color of law;

- **Repudiated a government obligation**, thereby entering **commercial dishonor**;

- **Violated the public trust doctrine** by funding discrimination, deprivation, and fraud; and

- **Converted and misapplied trust assets** to perpetuate unlawful conduct.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

48.Under **California Government Code §§ 815.2, 820, 820.8**, **California Civil Code §§ 2228–2230**, and the **Restatement (Second) of Trusts §§ 197–198**, fiduciaries and trust entities are personally and commercially liable for damages resulting from the acts of their agents, especially when the trust's assets or policies are used to commit tortious or unconstitutional acts.

49.The VEBA Trust's participation and silence following **verified notice**, **affidavits**, and **formal demand** constitute **tacit acquiescence**, **res judicata**, and **commercial estoppel**. Its failure to correct or repudiate unlawful conduct amounts to **constructive fraud**, **misprision**, and **ratification of ultra vires acts**, rendering it jointly and severally liable for compensatory, liquidated, punitive, and treble damages.

50.In commerce, **silence is acquiescence**, and a fiduciary's consent to unlawful deprivation converts it from a custodian of public duty into an **accessory to fraud**. The VEBA Trust now stands as a **commercial wrongdoer**, **joint obligor**, and **constructive tortfeasor**, stripped of any immunity and fully answerable in both law and equity.

## 6. Does 1-10— Unknown Co-Conspirators and Agents

51.**Does 1–10** are unknown agents, employees, policy-makers, contractors, or third-party beneficiaries of the Rancho California Water District and/or VEBA Trust who participated in, financed, directed, or conspired to effectuate the unlawful deprivation of Plaintiff's water service, or who have since aided, abetted, or concealed such acts.

Plaintiff will amend this Verified Bill in Equity to specifically identify each such Defendant once discovered.

52.Each Doe Defendant is alleged to be jointly, severally, commercially, and personally liable for all acts described herein

## IV. *VERIFIED* STANDING OF THE REAL PARTY IN INTEREST AND INJURED PARTY IN FACT

53.Plaintiff **Kevin: Realworldfare** appears *sui juris*, in verified equity, as the **Real Party in Interest**, **Injured Party in Fact**, **Secured Party**, **Executor**, **Heir**, and **Equitable and Beneficial**

Date: November 4, 2025

**Title Holder** to the private real property located at **31990 Pasos Place, Temecula, California
92591.**

54. Plaintiff's standing arises from lawful possession, verified interest, and continuous
beneficial control over the property — interests vested and perfected under **UCC §§ 9-102,
9-203, 9-509**, the **California Commercial Code**, and the **law of trusts and equity**.

55. Plaintiff has suffered *direct, concrete, particularized, and irreparable harm* traceable to
Defendants' willful deprivation of essential water service, destruction of habitability, and
interference with private property and family life.

56. This injury is not speculative; it is tangible, continuous, and redressable exclusively by
this Court's equitable jurisdiction.

57. No other party possesses a lawful, equitable, or superior claim to the property, nor has any
other party sustained cognizable injury capable of invoking this Court's authority.

58. Under **Rule 17(a), Fed. R. Civ. P.**, the "Real Party in Interest" is the person entitled to
enforce the right asserted in the action.

59. Plaintiff, as Executor and Beneficiary of the private trust estate encompassing the subject
property, holds both the equitable and beneficial interest and is thereby the **only party legally
and equitably capable of maintaining this action.**

60. Any attempt by Defendants or third parties to substitute, misidentify, or diminish
Plaintiff's capacity constitutes **fraud upon the Court** and violates **Article III, § 2 of the U.S.
Constitution**, which restricts judicial power to actual "cases" and "controversies" involving a
genuine injured party.

61. Standing is further confirmed under **Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)**
and **Spokeo, Inc. v. Robins, 578 U.S. 330 (2016)**: Plaintiff has sustained injury in fact, the injury
is fairly traceable to Defendants' conduct, and the injury is redressable by judicial decree.

62. Defendants' willful acts — denial of essential water, deprivation of property use, and
destruction of the home's value — are the proximate cause of the harm complained of.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

63. As **Secured Party Creditor**, Plaintiff has perfected an enforceable security interest in the trust estate and all attached rights, both tangible and intangible, in accordance with **UCC § 9-203** and **§ 9-509**, recorded through verified and public filings.

64. This security interest extends to the physical property, fixtures, and all proceeds derived therefrom, further confirming Plaintiff's **beneficial dominion and equitable control** over the res of the estate.

65. As **Executor and Heir**, Plaintiff possesses fiduciary duty and authority over the corpus of the private trust estate, granting legal and equitable standing superior to all legal fictions, assigns, or corporate instrumentalities — including *Marinaj Properties LLC*, *Sailfish Point Realty LLC*, and *Rancho California Water District VEBA Trust* — each of which are *creations of statute* and lack inherent sovereignty, conscience, or lawful claim superior to that of the living man in equity.

66. As **Injured Party in Fact**, Plaintiff's deprivation of water service, loss of habitability, and environmental decay of his property constitute **violations of the Fifth Amendment (Takings Clause and Due Process)**, **Article I, §§ 1, 7, 19 of the California Constitution**, **42 U.S.C. § 1983**, and **California Public Utilities Code §§ 451 and 453**, collectively amounting to willful state-sponsored deprivation of property and liberty interests under color of law.

67. By virtue of the verified record, affidavits, and unrebutted notices served upon all Defendants, Plaintiff's **standing is conclusively established under the doctrines of res judicata, collateral estoppel, and stare decisis.**

68. No further factual inquiry is required. The Court is **jurisdictionally compelled** to recognize Plaintiff as the *only lawful claimant* with standing to demand relief, restoration, and redress in equity.

69. Any contrary claim or refusal to recognize Plaintiff's standing would constitute a direct **violation of Article III, the Fifth Amendment, the Ninth Amendment, and the Supremacy Clause** of the United States Constitution, as well as an unlawful obstruction of access to remedy and due process — acts which themselves create additional liability under **42 U.S.C. §§ 1983, 1985, 1986**, and **18 U.S.C. § 242.**

Date: November 4, 2025

## V. UNLAWFUL ARBITRATION, COLOR-OF-LAW ADJUDICATION, AND JURISDICTIONAL TRESPASS

70. Defendants Rancho California Water District, its VEBA Trust, and officers **Jason Martin, Krista Larocchia, and Nathan Gurney** have unlawfully usurped judicial authority by presuming to determine ownership, possession, and legal rights in real property **outside any lawful court proceeding** and **in direct contravention of active federal jurisdiction**.

71. By refusing essential water service based solely upon a **disputed and fraudulent "Trustee's Deed Upon Sale"**, Defendants acted **as de facto adjudicators and arbitrators**, rendering private judgments without lawful authority, jurisdiction, or process — in violation of the **Separation of Powers Doctrine**, the **Supremacy Clause (Art. VI, U.S. Const.)**, and the **Due Process Clause of the Fifth Amendment**.

72. No statute, ordinance, or regulation grants a municipal utility power to adjudicate property title, determine ownership, or condition utility access on possession of a recorded deed — especially when that deed is under active federal and appellate review.

73. By assuming that power, Defendants acted as unauthorized tribunals, violating the exclusive jurisdiction of the United States District Court and the Ninth Circuit Court of Appeals (Case Nos. 5:25-cv-01357, 5:25-cv-01450, 5:25-cv-01334; Appeals Nos. 25-5113, 25-4877, 25-6784).

74. The **Public Utilities Code** imposes a **ministerial duty** to furnish continuous, nondiscriminatory service to lawful occupants upon request and payment of lawful charges. Defendants' refusal based on a **private title dispute** constitutes **ultra vires conduct**, **color-of-law arbitration**, and **commercial interference with the judicial process**.
They are not courts of law, yet they acted as though they were — effectively **issuing and enforcing their own judgment** by cutting off water to an occupied residence.

75. This conduct constitutes **a constitutional trespass upon federal judicial power** (See *Donovan v. City of Dallas*, 377 U.S. 408 (1964) — "State courts and their agents are wholly without power to interfere with federal proceedings or property sub judice.").

Date: November 4, 2025

76. By interfering with federally controlled subject matter and presuming to "decide" title and possession, Defendants committed **jurisdictional fraud**, **obstruction of justice**, and **commercial trespass** against the Plaintiff's vested equitable rights.

77. The Plaintiff holds **two recorded Grant Deeds** establishing prior and perfected title, **verified UCC filings**, and **lawful possession of the property**.

78. Despite irrefutable documentary proof, Defendants **ignored all verified evidence**, refused to acknowledge lawful possession, and continued to enforce a **void commercial instrument** — in essence, **pretending to be a court**.

79. By their actions, Defendants have **manufactured an administrative fiction**, unlawfully converting a private civil dispute into a public deprivation, all while **exceeding their jurisdiction and forfeiting all immunity**.

80. They have committed **fraud upon the court**, **fraud in the execution**, and **fraud in the inducement of public policy** by interfering with federal adjudication and violating the Plaintiff's civil and property rights.

81. Such conduct is a **textbook violation of 42 U.S.C. § 1983** (deprivation of rights under color of law) and constitutes **commercial liability** under the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), which holds that **when an entity acts as an instrumentality of the government, it becomes subject to full commercial accountability and loses immunity for acts outside lawful authority.**

82. Defendants' deliberate disregard of verified filings, certified mail notices, and pending federal litigation constitutes **tacit acquiescence**, **silent procuration**, and **admission by conduct**. Their silence in the face of verified affidavits operates as **confession in commerce** (UCC § 1-205; Rule 8(b)(6), Fed. R. Civ. P.).

83. Every unrebutted affidavit, by operation of law, stands as **truth in commerce and res judicata**.

84. Accordingly, Defendants are **jointly and severally liable** — in their official and personal capacities — for:

a.  **Deprivation of rights under color of law (42 U.S.C. § 1983);**

b.  **Abuse of public office and official misconduct (Cal. Gov't Code §§ 815.2, 820, 820.8);**

c.  **Violation of the Supremacy Clause and obstruction of federal jurisdiction (U.S. Const. art. VI);** and

d.  **Commercial dishonor, breach of fiduciary duty, and tortious interference with lawful possession.**

85. No official, agent, or employee of the Rancho California Water District may lawfully act as a court, arbitrator, or title adjudicator.

86. Their continued interference in reliance on a fraudulent deed is **ultra vires**, **void ab initio**, and **commercially actionable** under both equity and law.

87. **Equity demands immediate restoration of service, formal injunction against further interference, and adjudication of personal liability.**

88. The Court's failure to intervene would ratify administrative tyranny and signal that verified federal rights can be extinguished by bureaucratic fiat — a result abhorrent to the Constitution, public conscience, and the rule of law.

## VI. *VERIFIED* STATEMENT OF GOVERNMENT OBLIGATION, COMMERCIAL BREACH, AND REPUDIATION OF PUBLIC DUTY UNDER 31 U.S.C. §§ 1501 & 3123

89. It is a matter of **established federal law** that public utilities — including those furnishing water, power, and municipal services — function as **governmental instrumentalities** created and chartered under both state and federal authority. Their accounts, service agreements, and billing instruments are not private contracts; they are **documentary evidence of federal obligations** under **31 U.S.C. § 1501(a)** once executed, accepted, or performed.

90. That statute expressly mandates that no public obligation may be recognized or recorded except upon verified documentation, stating in relevant part:

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

"An amount shall be recorded as an obligation of the United States Government only when supported by documentary evidence of—

(1) a binding agreement between an agency and another person…;

…

**(8) services provided by public utilities;** or

(9) other legal liability of the Government against an available appropriation or fund."

— 31 U.S.C. § 1501(a) (emphasis added).

91. Accordingly, any service furnished by a public utility — including **water service provided by Rancho California Water District** — constitutes a **recognized obligation of the United States Government**, backed by the **full faith and credit of the United States** pursuant to **31 U.S.C. § 3123(a)**. Once such service is initiated, the obligation is binding, fiduciary, and executory; performance may not lawfully be refused or discontinued absent due process and lawful cause.

92. **Rancho California Water District**, a municipal corporation and political subdivision of the State of California, operates under delegated authority from the United States through the State franchise. All actions it takes, funds it administers, and obligations it enforces are therefore **federal in character**, subject to federal fiscal statutes, constitutional restraints, and the Uniform Commercial Code.

93. By willfully cutting off all water service to Plaintiff's property—after receipt of verified affidavits, lawful tender, and documentary proof that the "Trustee's Deed Upon Sale" relied upon is fraudulent and void—Defendants have:

(a) **Repudiated a standing government obligation** in violation of **31 U.S.C. § 1501(a)(8)**;

(b) **Violated the full-faith-and-credit pledge** under **31 U.S.C. § 3123(a)**, which requires that all obligations of the United States "shall be paid in legal tender of the United States"; and

(c) **Entered commercial dishonor and fiduciary breach** under **U.C.C. §§ 1-201, 3-603, and 3-104**, by refusing lawful tender and failing to perform their nondiscretionary duty to provide essential service.

94. Under **Clearfield Trust Co. v. United States**, 318 U.S. 363 (1943), when the United States or its instrumentalities engage in commerce, they are governed by commercial law and "subject to the same liabilities as private corporations." A public utility performing under government charter is no exception; its failure to perform constitutes **commercial breach, not sovereign act**, and no immunity attaches.

95. By operation of **Public Law 73-10 (H.J.R. 192 of 1933)**, all debts, public and private, are discharged dollar-for-dollar through the credit of the United States. Thus, any lawful tender, remittance, or verified performance instrument offered in good faith constitutes **complete discharge**. Refusal to recognize that discharge or restore service therefore constitutes **fraudulent conversion**, **commercial repudiation**, and **bad-faith dishonor** of a federal obligation.

96. Because water service is a **public necessity** and a **governmental duty**, its denial under color of law—especially predicated on a fraudulent, unadjudicated deed—constitutes **commercial treason**, **breach of fiduciary trust**, and **deprivation of rights under color of authority** (42 U.S.C. §§ 1983, 1985, 1986). No official or employee may invoke immunity for acts performed **ultra vires** and in open defiance of statutory and constitutional obligation.

97. Plaintiff/Real Party In Interest/Injured Party In Fact has provided verified affidavits, lawful tender, and certified notice satisfying every condition precedent. Defendants' silence and refusal constitute **tacit acquiescence**, **collateral estoppel**, and **commercial confession of liability**. Under **Fed. R. Civ. P. 8(b)(6)**, all unrebutted factual averments are deemed admitted; under **Rule 56(a)**, summary judgment is mandated where no genuine dispute exists. *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964) holds that unverified attorney argument is not evidence and cannot rebut a verified affidavit.

98.By repudiating a recorded government obligation, the Defendants have placed themselves in **commercial default**, **personal liability**, and **fiduciary dishonor**. Their conduct is **ultra vires**, **void *ab initio***, and constitutes knowing misuse of public office for private and retaliatory ends.

99.Accordingly, the Defendants are jointly and severally liable—both officially and personally—for **breach of fiduciary duty**, **repudiation of a government obligation**, **commercial dishonor**, and **deprivation under color of law**.

100.This Court, sitting in **verified equity and constitutional jurisdiction**, is bound under **31 U.S.C. §§ 1501 and 3123** and **28 U.S.C. § 1651(a)** to enforce the obligation, compel **immediate restoration of water service**, and order **full restitution, compensatory, and exemplary damages** for the continuing deprivation, destruction, and constitutional injury inflicted.

## VII. PRIVATE RIGHT OF ACTION AND PERSONAL–COMMERCIAL LIABILITY

101.This Verified Complaint asserts causes of action arising under both federal and state law, each of which independently and collectively confers a **private right of action** upon the Plaintiff, Kevin: Realworldfare — the Real Party in Interest, Injured Party in Fact, Secured Party Creditor, Executor, Heir, and Beneficial and Equitable Title Holder to the property located at 31990 Pasos Place, Temecula, California 92591.

102.A *private right of action* exists wherever a statute is enacted to protect individuals from the type of injury sustained and where the statute imposes a corresponding duty upon the actor. (*Cort v. Ash*, 422 U.S. 66, 78 (1975); *Blessing v. Freestone*, 520 U.S. 329 (1997)). Each statute and constitutional clause invoked herein was designed to safeguard the very rights and interests violated by the Defendants — including the right to property, equal protection, due process, and the indispensable access to water and sanitation.

103.Defendants acted *under color of law* but outside lawful authority. Such ultra vires acts remove any immunity or governmental shield, subjecting each participant to **personal and commercial liability**. As established in *Ex parte Young*, 209 U.S. 123 (1908), public officials

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

who violate federal rights may be enjoined and held personally liable in their individual
capacities, notwithstanding their official roles.

104.Pursuant to **42 U.S.C. § 1983**, Plaintiff possesses a direct and enforceable private right of

action against all persons acting under color of state law who deprive him of rights secured by

the Constitution and laws of the United States.

Similarly, **42 U.S.C. § 1985(3)** provides a private right of action for conspiracies to interfere with

equal protection and enjoyment of rights, while **42 U.S.C. § 1986** imposes liability upon those

who, having knowledge of such violations, neglect or refuse to prevent them.

105.California law further recognizes parallel and enforceable private rights of action under:

(d) **California Public Utilities Code §§ 451, 453, 780**, mandating just and non-

discriminatory provision of essential services;

(e) **California Government Code §§ 815.2, 820, 820.8**, imposing personal liability on

public employees for wrongful acts performed under color of authority;

(f) **California Civil Code § 1708**, establishing liability for any violation of duty resulting in

injury to another; and

(g) **California Constitution, Article I, §§ 1, 7, and 19**, guaranteeing inviolable property and

liberty rights free from arbitrary governmental deprivation.

106.These statutory and constitutional protections are self-executing in equity and law. No

additional legislative authorization is required to pursue redress for ongoing violations. Where

the law imposes a duty, failure to perform that duty gives rise to a cause of action. (*Marbury v.

Madison*, 5 U.S. 137 (1803): "The government of the United States has been emphatically

termed a government of laws, and not of men.").

107.In the commercial realm, each Defendant is further bound under the **Uniform

Commercial Code (UCC)** and **general principles of contract and agency law**.

The Verified Affidavit of Facts and Notice of Intent to Sue (Exhibit A) was duly served via

**Certified Mail (USPS)** and **electronic mail**, creating a binding offer and establishing **tacit**

**agreement**, **silent acquiescence**, and **contractual obligation** through the **Mailbox Rule** and
**Restatement (Second) of Contracts § 63**.

108. Defendants' failure to rebut or respond within a reasonable time constitutes acceptance
by conduct, forming an enforceable private contract.

109. Under **UCC §§ 1-103, 1-201, 1-308, and 9-203**, commercial liability attaches to all
parties who knowingly, intentionally, or negligently interfere with secured property or perform
wrongful acts affecting the rights of a secured party or beneficial titleholder. Such interference,
once noticed, becomes a **commercial tort** and a **breach of good faith and fair dealing**.

110. The **doctrine of estoppel**, including **collateral estoppel**, **res judicata**, and **stare decisis**,
bars Defendants from disputing any verified fact or prior acknowledgment of notice. Their
failure to act after certified notice constitutes consent by silence — a maxim of law as old as
equity itself: *"Qui tacet consentire videtur"* — "He who is silent is taken to consent."

111. Accordingly, all Defendants — both in their public and private capacities — stand
commercially, personally, and jointly liable for damages and equitable relief arising from:

(a) Violation of constitutional and statutory rights;

(b) Negligent and willful refusal to perform ministerial duties;

(c) Tortious interference with secured and equitable property interests; and

(d) Bad faith and ultra vires acts under color of law.

112. In accordance with **42 U.S.C. § 1988(b)** and **California Civil Code § 3294**, Plaintiff is
entitled to full compensatory, punitive, and exemplary damages, attorney's fees, and equitable
restitution as the prevailing party in this verified action.

Any attempt to evade responsibility through bureaucratic delay, claim of immunity, or reliance
on fraudulent instruments constitutes willful fraud and commercial dishonor under law, equity,
and conscience.

113. Equity, conscience, and the Constitution compel one conclusion: each Defendant, having
acted knowingly and under color of law to deprive a living man of essential water and property

rights, is liable *personally, commercially, and individually* — with no immunity, privilege, or defense remaining.

## VIII. *VERIFIED* NOTICE AND CONTRACTUAL AGREEMENT TO SERVICE OF SUMMONS AND PAPERS

**114.**Defendants **Rancho California Water District**, **Rancho California Water District VEBA Trust**, **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney** were each **lawfully served, noticed, and contractually bound** through the **Verified (28 U.S.C. § 1746) Affidavit of Facts, Notice of Intent to Sue, and Formal Demand to Restore Service** ("Affidavit"), duly transmitted via **USPS Certified Mail** and **verified electronic mail** on or about **October 24, 2025 and October 31, 2025.**

**115.**Said transmissions were confirmed delivered, bearing USPS tracking records and electronic metadata, constituting **verified proof of lawful notice, service, and presentment** pursuant to **Rule 5(b)(2)(C)–(E), Fed. R. Civ. P.; Federal Rule of Evidence 301; Article I, § 10, Cl. 1 of the United States Constitution; and controlling equity and commercial law.**

116.That Verified and notarized Affidavit and commercial presentment, incorporated herein as **Exhibit A**, expressly established and offered a **binding contractual Agreement to Service and Notice**, stipulating that all subsequent communications, pleadings, and summons shall be **lawfully perfected and binding** upon dispatch by either **USPS Certified Mail** or **verified email.**

117.**Defendants had and still have a duty to respond.**

118.Said offer was accepted by **performance, silence, and failure to object or rebut**, forming a **tacit agreement** and **silent acquiescence** enforceable under **California Civil Code §§ 1550 – 1556**, **Restatement (Second) of Contracts §§ 17, 19**, **Article I, § 10 of the U.S. Constitution**, and **long-established commercial law principles.**

119.Service by mail and email is therefore **contractually perfected, judicially binding, and conclusively presumed complete** as a matter of **law and equity.**

Date: November 4, 2025

120. The **Rancho California Water District VEBA Trust**, as the **fiduciary, financial, and administrative instrumentality** of the District, is equally and jointly bound by the contractual terms of **Exhibit A.**

121. The VEBA Trust administers assets, policies, and funds underwriting the District's operational and legal activities and is thus **liable in both equity and law** for the acts and omissions of its trustees, officers, and agents.

122. Having received identical verified notice and failing to rebut, the **VEBA Trust** has entered **tacit procuration, silent acquiescence, and contractual assent**, and is **jointly and severally liable** with all other Defendants for the continuing deprivation, dishonor, and damage caused thereby.

123. Under the **Common-Law Mailbox Rule**, codified in **Federal Rule of Evidence 301** and **FRCP 5(b)(2)(C)**, proper certified mailing establishes a **legal presumption of receipt and delivery.**

124. Proof of mailing and verified electronic transmission constitute **prima facie evidence of service, notice, and acceptance**, rendering all Defendants **conclusively served and estopped from denial.**

125. Their continued silence, performance, and failure to rebut within any reasonable time frame constitute **tacit agreement**, **acceptance by acquiescence**, and **contractual ratification**.

126. This verified agreement is further enforced under the following **legal and commercial maxims** recognized in all courts of equity:

- *"Qui tacet consentire videtur"* — He who is silent is deemed to consent.

- *"Qui non negat fatetur"* — He who does not deny, admits.

- *"Consensus tollit errorem"* — Consent removes error.

- *"Lex semper intendit quod convenit rationi"* — The law always intends what is reasonable.

- *"Res judicata pro veritate accipitur"* — A matter once adjudicated is accepted as truth.

Date: November 4, 2025

- *"Stare decisis et non quieta movere"* — Stand by the things decided; do not disturb settled matters.

- *"Nemo debet bis vexari pro una et eadem causa"* — No one should be twice vexed for one and the same cause.

127. By these principles, the verified record, prior affidavits, and unchallenged evidence stand as **final, conclusive, and unrebutted**, establishing **judicial estoppel**, **res judicata**, **collateral estoppel**, and **stare decisis effect** against any further controversy regarding notice or service.

128. Pursuant to **Rule 4(e)(1), Fed. R. Civ. P.**, and **Cal. Civ. Proc. Code §§ 415.30 and 415.40**, service by certified mail or electronic acknowledgment is legally complete upon dispatch and confirmation of transmission.

129. All Defendants—including the **District**, the **VEBA Trust**, and each individual officer—are therefore **lawfully served, contractually bound, and personally accountable** from the moment of verified mailing and email delivery.

130. By operation of **contract law, commercial law, and equity**, Defendants' silence and continued dishonor constitute **tacit procuration, estoppel by acquiescence, and commercial default.**

131. Their inaction perfects **res judicata** on the facts established in the verified affidavit, forecloses all subsequent objections, and bars any contrary defense.

132. Accordingly, all Defendants—**Rancho California Water District**, **Rancho California Water District VEBA Trust**, **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney**—are **judicially, commercially, and equitably estopped** from denying notice, service, jurisdiction, or liability.

133. Their default constitutes **willful dishonor under law and equity**, actionable under **42 U.S.C. § 1983**, **28 U.S.C. § 1651**, **California Constitution art. I §§ 1, 7, 19**, and controlling **constitutional and commercial precedent.**

Date: November 4, 2025

## IX. *VERIFIED (28 U.S.C. § 1746)* FACTS

134.**Plaintiff/Real Party In Interest/Secured Party/Executor/Injured Party In Fact/Heir Kevin: Realworldfare** has been in **peaceful, continuous, and lawful possession** of the private property located at **31990 Pasos Place, Temecula, California 92591** for several years, maintaining **active water service** through Rancho California Water District ("District") and paying all **lawful charges, rates, and assessments** in full and on time. The property has never been abandoned or lawfully conveyed; no judicial or administrative order authorizes deprivation of water service or possession.

135.The property remains **sub judice** in multiple active **federal proceedings**, including **WG Express Trust v. Marinaj Properties LLC et al.**, Case Nos. **1:25-cv-03780, 5:25-cv-01357, 5:25-cv-01450, and 5:25-cv-01334** (U.S. District Court, Central District of California), and Appeals Nos. **25-5113, 25-4877, and 25-6784** (U.S. Court of Appeals, Ninth Circuit). These proceedings **divest all state and local entities, including public utilities, of jurisdiction** over the title, possession, or use of the property.

136.**No lawful court order, judgment, or administrative directive** has ever authorized the termination of water service, denial of service, or transfer of possession to any third party. Any such deprivation therefore constitutes a **willful extrajudicial act** under **color of law**, in violation of **42 U.S.C. §§ 1983, 1985(3), and 1986**, and a direct assault on **constitutional rights protected by the Bill of Rights, the Fourteenth Amendment, and the California Constitution.**

137.On or about **September 9, 2025**, without any **notice, hearing, due process, or lawful authority**, **Rancho California Water District** unlawfully **terminated all water service** to the property. The only pretext offered was reliance upon a **facially fraudulent and unadjudicated "Trustee's Deed Upon Sale"**—a private instrument under active federal challenge and therefore void ab initio.

138.Upon discovery of the termination, **Plaintiff/Real Party In Interest/Secured Party/ Executor/Injured Party In Fact/Heir immediately issued a Verified Affidavit of Facts and**

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

**Formal Demand to Restore Service** pursuant to **28 U.S.C. § 1746**, served via **certified U.S. mail and email**, and provided **documented notice of pending federal litigation** and the **fraudulent nature of the purported deed.** Defendants received, accepted, and ignored this verified demand.

139. Defendants, acting in **concert** and under color of law, **willfully refused reconnection** and unlawfully declared that only the **purported grantee of the fraudulent deed** could obtain service. No statute, regulation, or lawful utility policy supports this claim. Their refusal is **arbitrary, discriminatory, retaliatory, and ultra vires**, constituting **gross negligence, bad faith, and conspiracy** to deprive a lawful occupant of essential utilities in violation of **42 U.S.C. §§ 1983, 1985(3), and 18 U.S.C. §§ 241–242.**

140. As a **direct and continuing result**, the property now lacks **all running water**, rendering it **uninhabitable** and creating an immediate **public-health hazard**. Plaintiff/Real Party In Interest/Secured Party/Executor/Injured Party In Fact/Heir, his family, and lawful occupants **cannot bathe, cook, clean, drink, or maintain sanitation**, thereby suffering **constructive eviction, deprivation of due process, and inhumane conditions**. Such deprivation violates:

- **U.S. Const. Amend. V** – unlawful taking and deprivation of use without just compensation;

- **U.S. Const. Amend. VIII** – cruel and degrading treatment through denial of basic necessities;

- **U.S. Const. Amend. IX** – infringement upon unenumerated natural rights, including bodily integrity;

- **U.S. Const. Amend. XIV § 1** – deprivation of property and equal protection under color of state law;

- **California Constitution, art. I §§ 1, 7, 19** – violation of due process, property rights, and privacy;

- **California Constitution, art. X § 2** – wasteful misuse of water contrary to beneficial-use mandate;

Date: November 4, 2025

- **California Public Utilities Code §§ 451, 453, and 780** – failure to provide fair, just, and non-discriminatory service;

- **California Health & Safety Code § 17920.3** – maintaining substandard housing by depriving sanitation and running water;

- **California Civil Code § 1941.1** – breach of duty to maintain habitable conditions.

141. The **consequences are catastrophic** and escalating:

(a) The **swimming pool** is chemically unbalanced, corroding, and structurally deteriorating. The **filtration and pump systems** are seizing and will soon fail.

(b) The **trees, ornamental vegetation, and grass** are dying from dehydration.

(c) The **soil and irrigation systems** are drying, cracking, and destabilizing the **foundation**, causing **permanent structural damage**.

(d) These conditions cause measurable **loss of market value**, **environmental degradation**, and **continuing diminution of equitable ownership interests.**

142. Each day of continued deprivation constitutes a **new and compounding injury**, increasing quantifiable damages, tortious waste, and environmental harm. The District's refusal to act, despite verified notice, constitutes **reckless disregard**, **intentional infliction of harm**, and **gross abuse of public authority** in violation of both federal and state law.

143. Plaintiff/Real Party In Interest/Secured Party/Executor/Injured Party In Fact/Heir remains in lawful possession, and the **beneficial titleholder, and equitable possessor** of the property. Defendants' actions are capricious, arbitrary, **retaliatory, discriminatory, and ultra vires**, representing a **gross abuse of office** and a **violation of their statutory and constitutional duties**.

144. Each named Defendant — **Jason Martin, Krista Larocchia, and Nathan Gurney** — is personally liable in both **individual and official capacities** for willful misconduct, deliberate indifference, and conspiracy under **42 U.S.C. §§ 1983, 1985(3)** and **18 U.S.C. §§ 241–242**, and for **public-entity liability** under **California Government Code §§ 815.2, 820, and 820.8**.

145. No immunity attaches to actions performed **outside lawful authority** or **in violation of clearly established constitutional rights.**

## <u>X. IRREPARABLE HARM AND EQUITABLE NECESSITY</u>

146. Plaintiff, Kevin: Realworldfare — the Real Party in Interest, Injured Party in Fact, Secured Party, Executor, and Beneficial and Equitable Title Holder — suffers immediate, compounding, and irreparable injury with each passing day that Defendants unlawfully withhold essential water service. The deprivation destroys not merely convenience, but the *very conditions of habitability, health, and life itself*.

147. The property at 31990 Pasos Place has sustained escalating and catastrophic damage: trees and vegetation are dying; soil and foundation are cracking; the swimming pool and filtration systems are deteriorating; and sanitary conditions have become unsafe for human habitation. These conditions are not theoretical — they are physically measurable and worsening with each day of unlawful deprivation.

148. The harm extends beyond property: Plaintiff and his family, including minor children, have been deprived of the most fundamental human necessity — water — resulting in humiliation, hardship, and health risk. No monetary award could ever compensate for the physical suffering, emotional distress, or irreversible destruction caused by the willful denial of life-sustaining utilities.

149. Courts have long recognized that *"the loss of constitutional freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."* (*Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The continued deprivation of essential water — a prerequisite to life, health, and safety — violates the Fifth Amendment's Due Process Clause, Article I, §§ 1 and 19 of the California Constitution, and the immutable maxims of equity which demand that **"equity will not suffer a wrong to be without a remedy."**

150. No adequate legal remedy exists. Monetary compensation cannot regrow dead trees, repair cracked foundations, restore contaminated water systems, or erase the suffering inflicted upon living beings deprived of basic human needs. *Equity alone has jurisdiction where the injury*

*is continuing, fundamental, and irremediable at law.* (*Weinberger v. Romero-Barcelo*, 456 U.S.
305 (1982)).

151. Each day of nonperformance and bureaucratic delay compounds irreparable loss — both
to the real property and to human life — while Defendants continue to act in willful contempt of
verified notice, federal jurisdiction, and their ministerial duties. Such ongoing deprivation
constitutes **cruel and unusual treatment**, **constructive eviction**, and **reckless disregard for
public welfare**.

152. The balance of equities overwhelmingly favors Plaintiff. Defendants face no cognizable
harm from performing the duties they are legally and morally bound to perform, while Plaintiff
faces the ongoing destruction of his home and well-being.

153. Accordingly, equity demands that this Court **immediately issue mandatory injunctive
relief** compelling Defendants to restore full water service and restraining further interference.
Failure to do so would constitute judicial acquiescence in a continuing constitutional violation —
a dereliction of Article III duty and an affront to the public trust.

## XI. *VERIFIED* EVIDENTIARY RECORD, JUDICIAL NOTICE, AND CONCLUSIVE EFFECT UNDER 28 U.S.C. § 1746, RULE 8, AND RULE 56

154. This Verified Complaint is executed under **penalty of perjury** pursuant to **28 U.S.C. §
1746**, which grants unsworn declarations made under oath the *same force and effect as a sworn
affidavit*.

155. Every fact, statement, and assertion herein is true, correct, and based upon firsthand
knowledge, authenticated documents, and direct evidence within the Plaintiff's possession.
Accordingly, this pleading is not mere allegation—it is a **sworn evidentiary record**, carrying
full legal weight as a verified truth affidavit.

156. Under **Rule 8(b)(6)** of the **Federal Rules of Civil Procedure**, all material allegations in
a verified complaint that are not specifically denied by verified response are **deemed admitted**.
Any Defendant who fails to rebut these verified facts with *equal verification* under penalty of
perjury is in **default of substance**, not merely of form.

Date: November 4, 2025

157.Attorney argument, conclusory denials, or unverified pleadings **cannot** constitute

rebuttal evidence as a matter of law. (*Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964):

"Statements of counsel in briefs or arguments are not evidence and cannot be treated as such.")

158.Under **Rule 56(c)(4)**, factual disputes may only be supported by affidavits or

declarations based upon personal knowledge and made under oath.

Unverified claims, hearsay, or mere attorney representations are inadmissible and legally void in

opposition to verified evidence.

159.Where no verified rebuttal exists, **summary judgment becomes mandatory**, not

discretionary. (*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986)).

160.**Rule 11(b)** further mandates that every submission by counsel be grounded in truth, fact,

and law after reasonable inquiry.

161.Any unverified argument or pleading filed in opposition to this verified record constitutes

**fraud upon the court** and a **Rule 11 violation**, exposing the filers to sanctions and personal

liability.

162.It is a **maxim of law** that *"He who does not deny, admits"* (*Qui non negat, fatetur*).

Unrebutted affidavits stand as judgment in commerce and equity. (*Carmine v. Bowen*, 64 A. 932

(Pa. 1906)).

163.Likewise, *"Averments in verified pleadings, not specifically denied, are deemed

admitted."* (*United States v. Kaltenbach*, 204 F.2d 858 (3d Cir. 1953)).

164.Defendants' silence, non-response, or submission of unverified materials constitutes **tacit

acquiescence**, **commercial dishonor**, and **admission by operation of law**.

165.This Verified Complaint is therefore a **Truth Affidavit**—a commercial and judicial

instrument of highest evidentiary grade.

166.All unrebutted facts stated herein are *res judicata*, *collaterally estopped*, and binding

under the doctrines of **estoppel by silence**, **tacit agreement**, and **judicial notice of unrebutted

verified facts**.

167.Equity recognizes that truth, once sworn and unrebutted, is final and self-executing.

Date: November 4, 2025

168. Under the **Supremacy Clause (U.S. Const. Art. VI)**, verified federal filings control over all conflicting state statutes, policies, or administrative acts.

169. No attorney argument, unverified motion, or local policy can override verified federal evidence.

170. As the Supreme Court established in *Marbury v. Madison*, 5 U.S. 137 (1803), "A right without a remedy is no right at all."

171. This Verified Complaint is both the right and the remedy—standing as the sworn, unrebutted truth of record.

172. By operation of **Rule 8(b)(6)**, **Rule 56(c)(4)**, and **28 U.S.C. § 1746**, this Verified Complaint constitutes **judicially cognizable evidence**, not mere pleading.

173. Unless Defendants respond with verified affidavits equal in form and force, all statements herein stand as conclusive and binding.

174. Any contrary order or disregard of verified fact constitutes **fraud upon the court**, **denial of due process**, and **dereliction of judicial duty**.

175. Accordingly, this Verified Complaint stands as an **unimpeachable evidentiary record** and **self-executing commercial truth**, enforceable in equity, law, and commerce.

176. Under the maxims of equity, *"Equity will not suffer a wrong to be without a remedy."* Defendants' silence and failure to respond under oath is admission of liability, converting all facts herein into **judgment by operation of law and conscience**.

## XII. *VERIFIED (28 U.S.C. § 1746)* CAUSES OF ACTION

### COUNT 1 – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

### (42 U.S.C. § 1983; U.S. Const. Amend. V; Cal. Const. art. I, §§ 1, 7, 19)

**Against:** *Rancho California Water District, Rancho California Water District VEBA Trust, Jason Martin, Krista Larocchia, Nathan Gurney, and DOES 1–10, jointly and severally.*

177. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

178. Defendants, acting under color and authority of California law as public officers, agents, and fiduciaries of a municipal utility, intentionally, maliciously, and in reckless disregard of the Constitution, deprived Plaintiff of fundamental rights guaranteed by the **Fifth Amendment to the United States Constitution**, **Article I of the California Constitution**, and **42 U.S.C. § 1983**, which expressly creates a private right of action for damages and equitable relief against any person acting under color of state law who deprives another of rights secured by the Constitution and federal law.

179. Defendants unlawfully terminated and refused to restore essential water service to an occupied dwelling under Plaintiff's lawful possession and equitable title, despite verified notice of ongoing federal litigation and pending judicial determination of title.

180. Such conduct constitutes an **unlawful taking, deprivation of property, and constructive eviction**, executed **without due process of law**, in direct violation of the **Fifth Amendment**, which prohibits any taking or deprivation of life, liberty, or property without due process, and mandates just compensation for governmental interference with private use and enjoyment of property.

181. Plaintiff, as the lawful occupant and beneficial titleholder, was denied **the right to habitable shelter, bodily integrity, and security of person and estate**, each being unalienable rights protected by the **Bill of Rights**, the **Ninth Amendment**, and the **California Constitution, Article I, §§ 1, 7(a), 19**.

182. Defendants' actions were arbitrary, retaliatory, and motivated by reliance on a facially fraudulent, unadjudicated "Trustee's Deed Upon Sale" not issued by any competent judicial tribunal.

183. Under **Monell v. Department of Social Services, 436 U.S. 658 (1978)**, municipal entities such as Rancho California Water District and its VEBA Trust are directly liable under § 1983 when their policies, customs, or decisions by authorized policymakers cause constitutional injury.

184. The District's internal policy of conditioning water service on the name listed in a disputed or fraudulent deed constitutes an **unlawful municipal policy** effectuating deprivation under color of law.

185. Individual Defendants **Jason Martin (General Manager), Krista Larocchia (Supervisor), and Nathan Gurney (Supervisor)** each acted **personally and knowingly**, as confirmed by direct communications and written correspondence, in willful defiance of verified notices and affidavits.

186. Each had actual knowledge of Plaintiff's lawful possession and pending federal litigation, yet deliberately refused service.

187. Their acts fall **outside the scope of lawful discretion** and are therefore **not shielded by any form of immunity**, per **Hafer v. Melo, 502 U.S. 21 (1991)** and **Owen v. City of Independence, 445 U.S. 622 (1980)**.

188. Defendants' actions have caused **irreparable injury** — including destruction of the property's infrastructure, environmental degradation, health and sanitation hazards, and deprivation of essential living conditions — each constituting a **continuing violation** and ongoing deprivation of federally protected rights.

189. Plaintiff therefore demands full equitable relief, restitution, compensatory and punitive damages, attorneys' fees under **42 U.S.C. § 1988(b)**, and any additional remedy this Court deems necessary to vindicate the public interest in preventing further deprivation of constitutional rights.

<h2 style="text-align:center;color:red;">COUNT 2 – CIVIL CONSPIRACY TO DEPRIVE RIGHTS</h2>

<p style="text-align:center;color:red;">(42 U.S.C. § 1985(3); U.S. Const. Amend. V; Cal. Const. art. I, §§ 1, 7)</p>

<p style="text-align:center;color:red;">Against: <em>Defendants Jason Martin, Krista Larocchia, and Nathan Gurney, individually and jointly.</em></p>

190. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

191. Defendants Jason Martin (General Manager), Krista Larocchia (Supervisor), and Nathan Gurney (Supervisor) entered into a concerted plan and agreement to **deny Plaintiff equal**

Date: November 4, 2025

**protection of the laws and the enjoyment of constitutional rights** secured under the **Fifth Amendment**, the **Bill of Rights**, and **42 U.S.C. § 1985(3)**.

192. *Section 1985(3)* expressly creates a **private right of action** for any person injured by a conspiracy to deprive them of equal protection or equal privileges and immunities under the laws.

193. As confirmed in *Griffin v. Breckenridge*, 403 U.S. 88 (1971), this statute reaches conspiracies by both state and private actors who act with "invidious discriminatory animus" and intent to deprive a person of federally secured rights.

194. Each Defendant had **actual knowledge** that the water termination was based upon a **fraudulent, unadjudicated instrument** and that the property remained **sub judice** in multiple federal proceedings under ongoing litigation.

195. Despite verified affidavits and documentary notice, they **knowingly and willfully acted in concert** to continue the deprivation.

196. Defendant *Jason Martin* ratified and perpetuated the unlawful deprivation by refusing to reverse the termination, even after receipt of the Verified Affidavit of Facts and Demand to Restore Service (Exhibit A), sent via **certified USPS mail and email**, constituting constructive notice and binding agreement under the **Mailbox Rule** and **Federal Rule of Civil Procedure 4**.

197. Defendant *Krista Larocchia*, as Supervisor and acting policy-maker, obstructed reinstatement, issued directives preventing reconnection, and facilitated continued deprivation in defiance of statutory duty and federal law.

198. Defendant *Nathan Gurney*, a supervisory agent of the District, verbally refused service over the telephone and confirmed his decision was final, thereby personally executing an act of deprivation under color of law and joining the conspiracy through direct enforcement.

199. Together, the Defendants' actions demonstrate a **meeting of the minds**, joint participation, and deliberate coordination to effectuate a common unlawful objective — to **deprive Plaintiff, his family, and minor children of water, sanitation, and habitability**, thereby stripping them of dignity, health, and use of private property.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

**200.**The conspiracy was motivated by **retaliatory animus, malice, and willful disregard for federal and constitutional rights**, in violation of the **Due Process Clause**, the **Takings Clause**, and the **right to equal protection** guaranteed by the Fifth Amendment and the **California Constitution, Article I, §§ 1 and 7**.

201.As held in *Kush v. Rutledge*, 460 U.S. 719 (1983), § 1985(3) protects against conspiracies designed to deprive citizens of rights guaranteed by the Constitution.

202.The Defendants' conduct falls squarely within this scope, forming a **continuing civil conspiracy** to obstruct lawful enjoyment of property, deny human necessities, and retaliate against protected interests.

203.Each Defendant acted **voluntarily, deliberately, and outside any lawful authority**.

204.No immunity attaches where an official acts in bad faith or without jurisdiction (*Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

205.Their coordinated refusal constitutes **personal liability** for compensatory, punitive, and exemplary damages under *42 U.S.C. § 1985(3)* and *42 U.S.C. § 1988(b)*.

206.As a direct and proximate result of this conspiracy, Plaintiff has suffered and continues to suffer severe harm — physical, emotional, financial, and environmental — and seeks full relief including declaratory judgment, injunctive order, damages, attorneys' fees, and all other equitable remedies to which he is entitled.

### COUNT 3 – FAILURE TO PREVENT CONSPIRACY

### (42 U.S.C. § 1986; U.S. Const. Amend. V; Cal. Const. art. I, §§ 1 & 7)

*Against: Defendants Jason Martin, Krista Larocchia, and Nathan Gurney, individually and jointly.*

207.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

208.This cause of action arises under **42 U.S.C. § 1986**, which creates an **express private right of action** imposing liability upon any person who, having knowledge of a conspiracy under

**42 U.S.C. § 1985**, and the power to prevent or aid in preventing its commission, **neglects or refuses to do so**.

209.Section 1986 is derivative of § 1985(3) and carries equal constitutional weight, extending **personal liability** to every official, agent, or policymaker who, while possessing knowledge and authority, **willfully fails to act** to prevent ongoing civil-rights violations. (*Clark v. Cloutier*, 625 F.2d 1030 (1st Cir. 1980); *Williams v. St. Joseph Hosp.*, 629 F.2d 448 (7th Cir. 1980).)

210.Defendant *Jason Martin*, as General Manager of Rancho California Water District, had actual knowledge—through verified affidavits, certified-mail delivery, and direct correspondence—of the conspiracy to deprive Plaintiff of essential water service, sanitation, and habitable use of his property.

211.Despite holding full managerial power to order immediate reconnection, Martin **knowingly refused to intervene**, ratifying the unlawful deprivation and becoming **personally liable under § 1986**.

212.Defendant *Krista Larocchia*, a supervisory policy-level employee, was directly apprised of the conspiracy, received the same verified notices, and possessed both authority and opportunity to prevent the continuing deprivation.

213.Her conscious decision to **stand silent, obstruct reinstatement, and ignore verified notice** constitutes **willful dereliction of duty**, actionable under § 1986.

214.Defendant *Nathan Gurney*, also a supervisor, had direct, contemporaneous knowledge of the unlawful shut-off and Plaintiff's verified demand to restore service.

215.Rather than act to prevent or remedy the deprivation, Gurney reaffirmed the unlawful policy by verbal refusal, thereby **affirmatively furthering** the conspiracy through knowing omission.

216.Each Defendant's failure to act, despite actual and constructive notice via **certified USPS service**, **email correspondence**, and **verified affidavit** (Exhibit A), constitutes **tacit**

**consent, silent acquiescence, and ratification** of the unlawful acts under both common-law principles and federal civil-rights jurisprudence.

217.Such silence, where there exists a legal and moral duty to act, satisfies the element of "neglect or refusal" within the meaning of § 1986.

218.The continuing refusal to restore service and prevent harm violates the **Fifth Amendment's guarantee of due process**, the **Bill of Rights' protection against deprivation of property**, and the **California Constitution, Article I, §§ 1 and 7**, which secure the inalienable rights to property, safety, and due process.

219.By knowingly allowing the conspiracy to continue unchecked, these Defendants directly caused ongoing injury—loss of habitation, property deterioration, emotional distress, and violation of federal rights—each of which is compensable under § 1986.

220.As established in *Mizell v. North Broward Hosp. Dist.*, 427 F.2d 468 (5th Cir. 1970), officials who fail to act to prevent civil-rights violations, when in a position to do so, are **not immune** and are **personally accountable** for damages.

221.Thus, Martin, Larocchia, and Gurney are **jointly and severally liable** for compensatory, punitive, and exemplary damages under 42 U.S.C. §§ 1985 and 1986, and for attorney's fees and costs under 42 U.S.C. § 1988(b).

222.The Defendants' willful inaction and concealment of misconduct constitute **reckless disregard for the Constitution and conscience of the law**, justifying **full equitable and monetary relief** to restore Plaintiff's rights, property, and dignity.

<span style="color:red">**COUNT 4 – TAKING AND DEPRIVATION WITHOUT JUST COMPENSATION OR DUE PROCESS**</span>

<span style="color:red">**(U.S. Const. Amend. V; U.S. Const. Amend. XIV § 1; Cal. Const. art. I, § 19; 42 U.S.C. § 1983)**</span>

<span style="color:red">**Against:** *All Defendants, jointly and severally.*</span>

Date: November 4, 2025

223. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

224. This cause of action arises under the **Takings Clause** and **Due Process Clause** of the **Fifth Amendment**, applied to state actors through the **Fourteenth Amendment**, and is fully enforceable through the **private right of action created by 42 U.S.C. § 1983**. These constitutional provisions prohibit any public entity or official from taking or destroying private property for public purpose or under color of authority without lawful process and just compensation.

225. The **California Constitution, Article I, § 19**, provides parallel and independent protection, mandating that private property shall not be "taken or damaged for public use without just compensation first being paid to, or into court for, the owner." These protections are self-executing and confer an independent right of recovery directly against state and local officials. (*Customer Co. v. City of Sacramento*, 10 Cal.4th 368 (1995)).

226. Defendants, acting under color of California law and without any lawful order, terminated and refused to restore essential water service to Plaintiff's occupied property at **31990 Pasos Place, Temecula, CA**, knowing that such action would destroy habitability and beneficial use. This act of deprivation constitutes a **constructive taking**—a government-effected physical and functional seizure of the property's utility, use, and economic value. (*Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992)).

227. By depriving Plaintiff—the Real Party in Interest, Secured Party, Executor, Heir, and Beneficial Title Holder—of the ability to occupy, maintain, or derive use from the property, Defendants unlawfully converted the estate to waste and ruin. The deprivation of water, a fundamental necessity of life, is not merely an administrative error but a **constitutional trespass upon property, liberty, and livelihood**.

Date: November 4, 2025

228. Such acts were carried out **without notice, hearing, or judicial process**, in total violation of the **Due Process Clause**, which forbids any state-sponsored deprivation of property absent fair procedure and opportunity to be heard. (*Goldberg v. Kelly*, 397 U.S. 254 (1970); *Fuentes v. Shevin*, 407 U.S. 67 (1972)).

229. The refusal to reconnect water service after verified notice of Plaintiff's ownership and pending federal litigation constitutes an ongoing and willful deprivation. Each day the Defendants maintain this condition perpetuates a new constitutional violation and a continuing tort under federal law.

230. As the Supreme Court reaffirmed in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), a property owner whose property is taken without just compensation **may bring a direct action under § 1983 in federal court** at the moment the taking occurs—no exhaustion of state remedies is required. The deprivation here is immediate, measurable, and absolute.

231. Defendants' conduct also violates **California's statutory duties** under Public Utilities Code §§ 451 and 453, which require fair, nondiscriminatory, and continuous service to lawful occupants. These statutes are incorporated by operation of law into every utility relationship and form the contractual and fiduciary basis of the District's obligations. Their breach transforms the act into both a **tort and a constitutional violation**.

232. The resulting loss of habitation, destruction of landscaping, corrosion of systems, and deterioration of structural foundations constitute **property damage and economic loss directly attributable to the unlawful deprivation**, for which the Defendants are personally and jointly liable.

233. Because these acts were intentional, arbitrary, and performed in bad faith, **no qualified immunity applies**. Government officials lose immunity when acting outside their lawful authority or in violation of clearly established constitutional rights. (*Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

234. Accordingly, each Defendant—including the **Rancho California Water District**, the **Rancho California Water District VEBA Trust**, **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney**—is **jointly and severally liable** under the Fifth Amendment, 42 U.S.C. § 1983, and Article I, § 19 of the California Constitution for the full measure of damages, restitution, injunctive relief, and attorney's fees recoverable under **42 U.S.C. § 1988(b)**.

### COUNT 5 – VIOLATION OF CALIFORNIA PUBLIC UTILITIES CODE
### (Cal. Pub. Util. Code §§ 451, 453, 780; Cal. Gov't Code §§ 815.2, 820, 820.8; Cal. Const. art. I, §§ 1, 7, 19)

*Against:* *All Defendants, jointly and severally.*

235. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

236. This cause of action arises under the **California Public Utilities Code**, which imposes a mandatory, non-discretionary duty on all public utilities—including the **Rancho California Water District** and its governing trustees and employees—to furnish **adequate, efficient, just, and reasonable service** to all lawful occupants and inhabitants within their service area.

These obligations are express statutory duties under **§ 451**, **§ 453**, and **§ 780**, each of which carries direct civil-liability consequences when breached by an entity or its officers.

237. **Section 451** requires that every public utility "shall furnish and maintain adequate, efficient, just, and reasonable service, instrumentalities, equipment, and facilities."

By cutting off water to an occupied residence without due process, Defendants violated this statutory command and destroyed the habitability and beneficial use of Plaintiff's property.

238. **Section 453(a)** prohibits any public utility from granting any **preference, advantage, prejudice, or disadvantage** to any person or locality.

239. Defendants' refusal to restore service solely because of a **disputed and fraudulent "Trustee's Deed Upon Sale"** constitutes discrimination and retaliation against the lawful occupant and beneficial titleholder.

240. No statute or regulation authorizes the denial of service based on a private recording dispute, rendering the Defendants' actions **arbitrary, capricious, and ultra vires**.

241. **Section 780** further mandates that utilities supply continuous and nondiscriminatory service to all persons who apply for it and are willing to pay lawful rates.

Plaintiff tendered lawful payment and made verified demand for service; Defendants' refusal thus constitutes a clear breach of a statutory duty owed to the public and to Plaintiff individually.

242. These statutory duties are enforceable through the **private right of action codified in the California Government Code**:

- **§ 815.2(a)** imposes liability upon public entities for injuries caused by acts or omissions of their employees acting within the scope of employment;

- **§ 820(a)** imposes direct personal liability upon public employees for injuries caused by their own acts or omissions; and

- **§ 820.8** prevents any employee from evading liability by claiming mere agency when the act was his or her own.

243. Defendant **Jason Martin**, as General Manager, had actual and constructive knowledge of the unlawful termination and the Plaintiff's verified affidavit served by certified mail and email. Martin possessed the authority and duty to order immediate restoration of water but willfully refused, thereby **ratifying** and **perpetuating** the unlawful discrimination in violation of §§ 451, 453, and 780.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

244.Defendant **Krista Larocchia**, a supervisory officer with control over service administration, knowingly obstructed reinstatement after receiving verified notice, thereby **participating in an intentional breach of statutory duty** and subjecting herself to personal liability under **Gov't Code § 820(a)**.

245.Defendant **Nathan Gurney**, a supervising employee, verbally refused to restore service despite knowledge of the property's lawful occupation, acting with **actual malice and reckless disregard** of Plaintiff's rights. Such deliberate misconduct places him beyond the protection of any statutory immunity.

246.The **Rancho California Water District VEBA Trust** and **Rancho California Water District**, as the legal and financial entities responsible for administration and policy, are vicariously liable under **Gov't Code § 815.2** for the wrongful acts of their officers, agents, and employees performed under color of their authority.

247.These acts also violate **California Constitution, Article I, §§ 1 and 7(a)**, guaranteeing every person the inalienable right to property, privacy, and due process, and **§ 19**, prohibiting the taking or damaging of private property for public use without due process and just compensation.

248.The deprivation of water—a life-sustaining resource—constitutes both a **constitutional violation** and a **statutory tort** under state law.

249.Each Defendant's conduct was willful, intentional, and in conscious disregard of statutory mandates and constitutional rights. Such actions constitute tortious abuse of public office, official misconduct, and malicious discrimination under color of law, actionable for damages and injunctive relief.

250.Because these duties are **ministerial, not discretionary**, no immunity applies. California courts have consistently held that public entities and their employees are **strictly liable** for failure to perform ministerial statutory duties. (*Sullivan v. City of Sacramento*, 190 Cal.App.3d 1070 (1987); *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780 (1985)).

Date: November 4, 2025

251. Accordingly, Defendants are **jointly and severally liable** to Plaintiff/Injured
Party In fact for:

(e) compensatory and consequential damages for loss of use, habitability, and
property value;

(f) punitive and exemplary damages for willful misconduct under **Civ. Code § 3294**;

(g) equitable and injunctive relief compelling immediate restoration of water service;
and

(h) attorneys' fees and costs recoverable under **Cal. Code Civ. Proc. § 1021.5** and **42
U.S.C. § 1988(b)**.

## COUNT 6 – VIOLATION OF HABITABILITY AND HEALTH STANDARDS
### (Cal. Health & Safety Code § 17920.3; Cal. Civ. Code § 1941.1; Cal. Gov't Code §§ 815.2, 820, 820.8; Cal. Const. art. I §§ 1, 7, 19)

*Against: All Defendants, jointly and severally.*

252. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master
Beneficiary/Heir re-affirms and incorporates by reference all preceding paragraphs as if
fully set forth herein.

253. This cause of action arises from Defendants' willful and unlawful termination of
running water and sanitation at the occupied property located at **31990 Pasos Place,
Temecula, California 92591**, rendering the premises **substandard, uninhabitable, and
dangerous to health and safety**, in direct violation of **California Health & Safety Code
§ 17920.3** and **Civil Code § 1941.1**.

254. **Health & Safety Code § 17920.3** defines a "substandard building" as one that
lacks required sanitation or plumbing facilities, or any condition that endangers life, limb,
health, or safety of the occupants.

255. By intentionally cutting off all water and preventing restoration, Defendants
created precisely those prohibited conditions—complete absence of potable water,

sanitation, and hygiene—placing occupants, including women and children, at risk of physical and environmental harm.

256. **Civil Code § 1941.1** imposes a **mandatory, non-delegable duty** on any party controlling the provision of habitability-related services to maintain the premises with functioning plumbing and running water.

257. Defendants' acts of discontinuing service, ignoring verified notice, and refusing reconnection constitute an express breach of that statutory duty and **create a private right of action** for damages, injunctive relief, and restitution.
(*Green v. Superior Court*, 10 Cal.3d 616 (1974) — implied warranty of habitability enforceable by occupant).

258. Defendants' collective conduct constitutes **constructive eviction**, as the dwelling became immediately unfit for human habitation and deprived Plaintiff—the Real Party in Interest, Heir, Executor, and Beneficial Title Holder—of any practical ability to occupy or enjoy his property.

259. Constructive eviction and breach of habitability are actionable torts under California law, enforceable against both public entities and their employees under **Gov't Code §§ 815.2, 820, 820.8**.

260. Defendant **Jason Martin**, as General Manager, possessed direct authority and actual knowledge of the unlawful conditions yet refused to act, thereby ratifying and perpetuating the deprivation in bad faith.

261. Defendant **Krista Larocchia**, as supervisory officer, deliberately obstructed reinstatement after verified notice, while **Nathan Gurney** executed and verbally enforced the refusal.

262. Each acted **with malice and deliberate indifference** to known health and safety hazards, establishing **personal liability** and negating any claim of qualified or discretionary immunity.

263. The **Rancho California Water District** and the **Rancho California Water District VEBA Trust** are liable under **Gov't Code § 815.2(a)** for the acts of their officers and agents within the scope of their apparent authority.

264. The entities' systemic policy of denial, despite verified notice of harm, constitutes a **pattern and practice of unlawful discrimination and reckless disregard** for statutory and constitutional rights.

265. These violations also infringe **California Constitution art. I, §§ 1 and 7(a)**, guaranteeing every person protection of property, safety, and due process, and **§ 19**, forbidding the damaging of private property without just compensation or lawful procedure.

266. The deprivation of water and sanitation violates the **fundamental right to habitable shelter and bodily integrity**, protected both by state law and the **Ninth Amendment** to the U.S. Constitution.

267. Each Defendant's conduct was **willful, oppressive, and malicious**, warranting **punitive and exemplary damages** under **Civ. Code § 3294**, as well as **injunctive and equitable relief** compelling immediate restoration of service and remediation of all resulting damage.

268. Plaintiff is entitled to **compensatory damages** for:

(a) loss of use and habitability;

(b) property deterioration and environmental waste;

(c) emotional distress, humiliation, and hardship; and

(d) attorney's fees and costs pursuant to **Cal. Code Civ. Proc. § 1021.5** and **42 U.S.C. § 1988(b)** for vindication of civil-rights violations.

269. Because Defendants' duties were **ministerial, not discretionary**, no statutory or qualified immunity applies. California courts uniformly hold that the failure to perform mandated public-safety functions—particularly those tied to habitability—is actionable and exposes both the entity and its officials to direct liability. (*Lopez v. Southern Cal.*

*Rapid Transit Dist.*, 40 Cal.3d 780 (1985); *Sullivan v. City of Sacramento*, 190
Cal.App.3d 1070 (1987)).

270.Accordingly, Defendants **Rancho California Water District**, **Rancho
California Water District VEBA Trust**, **Jason Martin**, **Krista Larocchia**, and **Nathan
Gurney** are **jointly and severally liable** for all economic, compensatory, and punitive
damages arising from these statutory and constitutional violations.

<p style="text-align:center"><strong>COUNT 7 – NEGLIGENCE PER SE / ULTRA VIRES CONDUCT</strong></p>

<p style="text-align:center"><strong>(Cal. Gov't Code §§ 815.2, 820, 820.8; Cal. Civ. Code §§ 1714, 3523; Cal. Const. art.
I §§ 1, 7, 19)</strong></p>

<p style="text-align:center"><strong>Against:</strong> <em>All Defendants, jointly and severally.</em></p>

271.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master
Beneficiary/Heir re-affirms and incorporates by reference all preceding paragraphs as if
fully set forth herein.

272.This cause of action arises under California statutory and common law imposing
personal and entity-level liability for **negligent, unlawful, and ultra vires acts** by public
officials and employees who act outside their lawful authority.
Defendants' deliberate termination and continued refusal to restore water service to
occupied property—despite verified notice of federal litigation, ownership, and
occupancy—constitutes both **negligence per se** and **ultra vires conduct** under the
**California Government Code**.

273.Under **Gov't Code § 815.2(a)**, a public entity is liable for injuries proximately
caused by the acts or omissions of its employees acting within the scope of employment
when such acts violate statutory duties.

274.Under **§ 820(a)**, every public employee is personally liable for injury caused by
his or her act or omission to the same extent as a private person.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

275. Under **§ 820.8**, no public employee is exonerated from liability simply because they acted under another's direction; personal responsibility attaches to all participants in the wrongful act.

276. California **Civil Code § 1714(a)** provides that every person is responsible for injuries caused by his or her want of ordinary care in the management of property or conduct.

277. Defendants owed Plaintiff a **statutory and fiduciary duty** to ensure continued water access, public health safety, and property protection.

278. Defendants' willful breach of that duty constitutes **gross negligence and conscious disregard** for human welfare and statutory compliance.

279. Defendants' conduct violated specific statutory mandates—including **Cal. Pub. Util. Code §§ 451, 453, and 780**, and **Cal. Health & Safety Code § 17920.3**—enacted expressly to protect the health, safety, and property of the public.

280. Violation of such statutes constitutes **negligence per se**, establishing duty and breach as a matter of law. (*Elsworth v. Beech Aircraft Corp.*, 37 Cal.3d 540, 546 (1984); *Satterlee v. Orange Glenn School Dist.*, 29 Cal.2d 581 (1947)).

281. Because Defendants acted knowingly and intentionally in disregard of verified notice and statutory obligations, their conduct was not merely negligent—it was **ultra vires**, meaning beyond the scope of lawful authority.

282. An act performed without jurisdiction, without statutory authorization, or in violation of constitutional rights is **void ab initio** and strips the actor of any claim to official immunity. (*Delta Farms Reclamation Dist. v. Superior Court*, 33 Cal.3d 699, 707 (1983); *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795 (1985)).

283. Defendant **Jason Martin**, as General Manager, had actual knowledge of the verified affidavit, certified-mail delivery, and ongoing litigation.

Date: November 4, 2025

284. By refusing to intervene or correct the deprivation, Martin **ratified and perpetuated** unlawful conduct, establishing direct negligence and ratification liability under **§ 815.2(b)**.

285. Defendant **Krista Larocchia**, a supervisory officer, obstructed reinstatement despite verified notice, acting with **reckless indifference** and outside her lawful discretion.

286. Defendant **Nathan Gurney**, a supervisory employee, directly participated by verbally denying service and enforcing an unlawful condition based solely on a disputed, fraudulent deed.

Each acted with **actual malice, bad faith, and conscious disregard** for Plaintiff's safety, property, and rights.

287. The **Rancho California Water District** and **Rancho California Water District VEBA Trust** are vicariously liable under **Gov't Code § 815.2(a)** for all acts of their officers and agents.

Because these acts were ultra vires and outside any lawful policy, they also establish **independent entity liability** for negligent hiring, training, supervision, and enforcement of unlawful practices.

288. Defendants' omissions and refusals caused direct, foreseeable injury—loss of use, property damage, and emotional distress—violating the **California Constitution, Article I, §§ 1, 7, and 19**, which guarantee protection of property, due process, and compensation for governmental harm.

289. These constitutional provisions, together with the statutes cited, provide a **private right of action** against both entities and officials responsible for the deprivation. (*Katzberg v. Regents of Univ. of Cal.*, 29 Cal.4th 300 (2002)).

290. As a matter of established law, **negligence per se** eliminates any dispute as to duty and breach; the only remaining questions are causation and damages, both of which

are self-evident here given Defendants' written and verbal refusals, verified notices, and ongoing injury. (*Satterlee*, supra).

291.Defendants' conduct was **willful, malicious, and reckless**, justifying **punitive and exemplary damages** under **Civ. Code § 3294**, and **attorneys' fees and costs** under **Cal. Code Civ. Proc. § 1021.5** for the vindication of public rights.

292.Accordingly, Defendants **Rancho California Water District**, **Rancho California Water District VEBA Trust**, **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney** are **jointly and severally liable** for all compensatory, consequential, and punitive damages, and for injunctive and equitable relief restoring service and preventing further harm.

### COUNT 8 – ABUSE OF PUBLIC OFFICE / OFFICIAL MISCONDUCT
### (Cal. Gov't Code §§ 815.2, 820, 820.8; Cal. Const. art. I §§ 1, 7, 19; U.S. Const. Amend. V; 42 U.S.C. §§ 1983, 1988; Supremacy Clause, Art. VI)

**Against:** *Defendants Jason Martin, Krista Larocchia, and Nathan Gurney, in their individual and official capacities*.

293.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

294.This cause of action arises under both **California law and the United States Constitution**, which collectively impose *personal and institutional liability* on public officers for acts of **bad faith, abuse of discretion, dereliction of duty, and misuse of authority**. Jurisdiction is proper pursuant to **28 U.S.C. § 1331 (federal question)** and **28 U.S.C. § 1367(a)** (supplemental jurisdiction), as the claims form part of the same case and controversy giving rise to violations of **federal constitutional rights**.

295.Under the **Supremacy Clause (U.S. Const. art. VI)**, *no state statute, policy, or actor can immunize misconduct or override federal protections* of private rights secured to the living man.

Date: November 4, 2025

296. Defendants **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney**, acting under color of California law and within the scope of employment for the **Rancho California Water District**, **knowingly abused their public office** to enforce a *private, fraudulent, and unadjudicated "Trustee's Deed Upon Sale"* against the lawful occupant and equitable titleholder, **Kevin: Realworldfare**, Real Party in Interest and Injured Party in Fact. Their conduct was deliberate, malicious, and executed **in bad faith** to deprive Plaintiff of his property, water, and human necessities in violation of the **Bill of Rights** and **California Constitution**.

297. Such conduct constitutes **official misconduct and abuse of office** under **Cal. Gov't Code §§ 815.2, 820, 820.8**, each of which expressly removes immunity for actions performed outside lawful authority or in conscious disregard of duty. Acts committed **ultra vires**—outside lawful jurisdiction or scope—are deemed **void ab initio**, leaving the actor personally liable as a **private wrongdoer**. (*Delta Farms Reclamation Dist. v. Superior Court*, 33 Cal.3d 699 (1983); *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

298. Defendant **Jason Martin**, as General Manager, possessed plenary authority to correct the unlawful termination of service, but **willfully refused to act**, despite receiving multiple verified notices and affidavits via **certified U.S. Mail** and **email** confirming the fraud and pending federal litigation. His silence and inaction constitute **ratification by acquiescence** and **complicity in civil-rights deprivation**, making him personally and officially liable under **42 U.S.C. § 1983** and **Cal. Gov't Code § 815.2(a)**.

299. Defendant **Krista Larocchia**, a supervisory official, knowingly obstructed reinstatement of service, **directing subordinates to maintain the unlawful shutoff** despite verified proof of the property's disputed title and federal protection. Her actions demonstrate **malfeasance in office**, **intentional disregard for due process**, and **retaliatory abuse of discretion**, constituting actionable misconduct under **Cal. Gov't Code §§ 820(a), 820.8** and the **California Constitution art. I, §§ 1 & 19**.

300. Defendant **Nathan Gurney**, in a supervisory and operational capacity, **personally refused to reconnect water** and explicitly stated his intent to uphold the illegal deprivation. His

verbal refusal, coupled with notice of illegality, constitutes **willful misconduct**, **tacit admission**, and **intentional participation** in an ultra vires deprivation of constitutional rights, actionable under **42 U.S.C. § 1983** and **Cal. Gov't Code §§ 820, 820.8**.

301. Each Defendant's conduct violated nondiscretionary, *ministerial* duties established by state and federal law, including:

- **Cal. Pub. Util. Code §§ 451 & 453**, requiring just, reasonable, and nondiscriminatory utility service;

- **Cal. Gov't Code §§ 815.2, 820, 820.8**, imposing personal liability for unlawful acts; and

- **U.S. Const. Amend. V**, which prohibits governmental deprivation of property or liberty without lawful due process or just compensation.

302. A **private right of action** exists under:

- **Cal. Gov't Code § 815.2(a)** – vicarious liability of public entities for employees' violations;

- **Cal. Gov't Code § 820(a)** – personal liability for wrongful acts committed under color of authority;

- **Cal. Gov't Code § 820.8** – explicit denial of immunity when acting beyond lawful powers; and

- **42 U.S.C. § 1983**, providing a direct federal cause of action for every deprivation of rights under color of state law, enforceable with attorney's-fee recovery under **42 U.S.C. § 1988(b)**.

303. These acts were **ultra vires**, **void ab initio**, and conducted in **bad faith**, creating **personal liability** and **piercing all immunities**. Under *Howlett v. Rose*, 496 U.S. 356 (1990), state officials cannot invoke local law to escape liability for federal violations. Defendants' silence following verified notice constitutes **tacit acquiescence**, **silent agreement**, and **constructive confession** under established legal maxims: *"He who does not deny, admits."*

304. Defendants' coordinated refusal to act inflicted **irreparable and continuing harm**—destruction of property, deprivation of habitability, exposure to health hazards, and emotional

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

distress—constituting **ongoing constitutional injury**. Their conduct represents **tortious abuse of public office**, **intentional infliction of harm**, and a **betrayal of the public trust**, in violation of both **California law** and **federal constitutional guarantees**.

305. Because these duties are **ministerial, not discretionary**, **sovereign or qualified immunity cannot attach**. The **Supremacy Clause** prohibits any state law, ordinance, or internal policy from insulating officers from accountability for violations of federal law or the Constitution. (*Cooper v. Aaron*, 358 U.S. 1 (1958)).

306. By their actions and inactions, Defendants **Martin**, **Larocchia**, and **Gurney** have entered into **tacit contractual and factual agreement** through **silent acquiescence** and **res judicata principles**, binding them to their failure to rebut the verified affidavit (Exhibit A) served via **USPS Certified Mail** and **email**, consistent with the **Mailbox Rule** and **Rule 4 service provisions**. Their continued silence constitutes **collateral estoppel** and **stare decisis**, affirming the verified record as unrebutted truth in commerce and in law.

307. Accordingly, Defendants **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney** are **jointly and severally liable**, in both **official and individual capacities**, for:

- Compensatory and consequential damages under **Cal. Civ. Code §§ 3333 & 3294**;
- Punitive and exemplary damages under **42 U.S.C. § 1983** and **Cal. Civ. Code § 3294**;
- Equitable and injunctive relief under **28 U.S.C. § 1651**; and
- Attorney's fees and costs under **42 U.S.C. § 1988(b)**.

308. Their liability is absolute and continuing until full restoration of service, restitution of damages, and permanent injunction against further abuse of authority.

## COUNT 9 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Cal. Civ. Code §§ 1708, 3333, 3294; Cal. Const. art. I §§ 1, 7, 13, 19; U.S. Const. Amend. V; 42 U.S.C. §§ 1983, 1988(b))

**Against:** *All Defendants, jointly and severally, in both their individual and official capacities.*

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

309. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein

310. This cause of action arises under **California Civil Code §§ 1708, 3333, and 3294**, which establish a private right of action for intentional and malicious conduct causing injury to person, property, or rights, and under **42 U.S.C. § 1983**, which provides a federal remedy for emotional and psychological injury directly resulting from deprivation of constitutional rights under color of state law.

311. Defendants **Jason Martin**, **Krista Larocchia**, **Nathan Gurney**, and the **Rancho California Water District** each acted knowingly, willfully, and with reckless indifference to Plaintiff's constitutional and human rights. Their coordinated refusal to restore water—after verified notice, certified service, and clear documentation of ongoing federal litigation— constitutes **extreme and outrageous conduct** exceeding all bounds of decency and law.

312. Defendants knew their actions would deprive Plaintiff, a living man with lawful possession and equitable title, and his family—including **women and minor children**—of access to running water, sanitation, hygiene, and the ability to cook, clean, or maintain basic human dignity. Their conduct was not negligent or bureaucratic — it was **deliberate, retaliatory, and malicious**.

313. Each Defendant acted with full knowledge of the harm that would result and with **specific intent to coerce, intimidate, and punish** Plaintiff for asserting his equitable rights and challenging the fraudulent deed under active federal judicial review. Such willful deprivation of human necessities constitutes a violation of the **Bill of Rights**, the **California Constitution (art. I, §§ 1, 7, 13, 19)**, and the **Fifth Amendment** to the U.S. Constitution, which prohibits deprivation of life, liberty, or property without due process.

314. By enforcing an unlawful deprivation of water and ignoring verified affidavits served in compliance with **Rule 4 of the Federal Rules of Civil Procedure**, **contract law**, and the **Mailbox Rule**, Defendants entered into **tacit agreement and commercial dishonor**, evidencing **silent acquiescence** and willful consent to the truth of all verified claims and damages. Under the

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

legal maxim *"Qui tacet consentire videtur"* (he who is silent is seen to consent), Defendants' silence after verified notice constitutes **binding admission of liability**.

315.Defendants' coordinated and continuous refusal to restore essential water service has caused **severe, continuing, and escalating emotional and psychological trauma**, including:

(a) Humiliation, indignity, and anxiety from being unable to provide basic needs for one's family;

(b) Loss of peace, rest, and emotional stability from the ongoing uncertainty, coercion, and deprivation;

(c) Psychological distress, exhaustion, and helplessness resulting from the deliberate destruction of habitability and human necessity; and

(d) Emotional suffering and trauma to Plaintiff's minor children and family members witnessing the deprivation of water and safety in their home.

316.The wrongful acts were **intentional, malicious, oppressive, and carried out in reckless disregard** of Plaintiff's rights, satisfying the criteria for **punitive and exemplary damages** under **Cal. Civ. Code § 3294** and **42 U.S.C. § 1983**. The acts were neither discretionary nor shielded by immunity; they were acts of willful misconduct outside lawful authority.

317.A **private right of action** exists and is enforceable under:

• **Cal. Civ. Code § 1708**, recognizing every person's right to be free from intentional harm by another;

• **Cal. Civ. Code § 3333**, providing compensatory damages for all detriment caused, whether anticipated or not;

• **Cal. Civ. Code § 3294**, authorizing punitive and exemplary damages for oppression, fraud, or malice; and

• **42 U.S.C. § 1983**, allowing recovery for emotional and psychological harm caused by deprivation of constitutional rights under color of law, with fee recovery under **42 U.S.C. § 1988(b)**.

Date: November 4, 2025

318. The severity and foreseeability of this harm elevate this matter beyond ordinary tort — it is a **constitutional tort**, actionable in equity and law, for which **no immunity, statutory shield, or governmental discretion** can lawfully attach. (*Hafer v. Melo*, 502 U.S. 21 (1991); *Owen v. City of Independence*, 445 U.S. 622 (1980)).

319. Defendants' collective refusal to act, after repeated notice, constitutes **bad faith, moral depravity, and abuse of power**, amounting to *psychological cruelty under color of law*. The resulting harm is **irreparable** and **continuing**, warranting **equitable relief, compensatory restitution, and punitive sanctions**.

320. Plaintiff and his family remain deprived of their most basic human right — access to water — a deprivation that offends conscience, public policy, and the Constitution itself. No lawful government, acting under color of authority, may deliberately expose citizens to harm, indignity, and humiliation in retaliation for asserting their rights.

321. Accordingly, Defendants are **jointly and severally liable**, in both their **official and individual capacities**, for:

- **Compensatory damages** for all emotional, physical, and psychological harm;
- **Punitive and exemplary damages** under **Cal. Civ. Code § 3294** and **42 U.S.C. § 1983**;
- **Attorney's fees and costs** under **42 U.S.C. § 1988(b)**; and
- **Equitable and injunctive relief** to permanently enjoin further deprivation and compel immediate restoration of service.

### COUNT 10 – CIVIL CONSPIRACY / AIDING AND ABETTING

### (Common Law; Cal. Civ. Code §§ 1708, 1714, 3294; Cal. Gov't Code §§ 815.2, 820, 820.8; Restatement (Second) of Torts §§ 876, 879; 42 U.S.C. § 1983)

**Against:** *All Individual Defendants – Jason Martin, Krista Larocchia, and Nathan Gurney, jointly and severally, in their individual and official capacities.*

322. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein

Date: November 4, 2025

323. This cause of action arises under California common law and is recognized as a direct
and independent **private right of action** for those who conspire with or substantially assist
others in committing tortious or unconstitutional acts. It is enforceable in this Court under **28
U.S.C. § 1331** (federal question) and **§ 1367(a)** (supplemental jurisdiction), as it stems from the
same nucleus of operative fact as the federal civil-rights violations herein. (*Dennis v. Sparks*, 449
U.S. 24 (1980); *Franklin v. Fox*, 312 F.3d 423 (9th Cir. 2002)).

324. Under both **California common law** and the **Restatement (Second) of Torts § 876(b)**,
any person who knowingly aids, abets, or encourages the commission of a wrongful act becomes
**jointly and severally liable** for all resulting damages. Civil conspiracy does not require proof of
an explicit agreement — only a **common plan or understanding** to accomplish an unlawful
objective or to commit a lawful act by unlawful means.

325. Defendants **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney**, acting under color
of California law and within the authority of the Rancho California Water District, knowingly
and willfully combined in concert to enforce and conceal an unlawful deprivation of water
service to Plaintiff's property, fully aware that the "Trustee's Deed Upon Sale" was fraudulent,
void, and sub judice in multiple federal cases.

326. Each Defendant played a distinct and indispensable role in furthering this conspiracy:

(a) **Jason Martin**, as General Manager and policymaker, **ratified and approved** the
wrongful acts of subordinates despite receiving verified affidavits, certified mail service,
and clear notice of pending federal jurisdiction.

(b) **Krista Larocchia**, as supervisory officer, **directed and perpetuated** the unlawful denial
of service, instructing staff to refuse all assistance to Plaintiff.

(c) **Nathan Gurney**, as field supervisor and direct decision-maker, **executed and verbally
affirmed** the refusal to reconnect water, knowingly depriving Plaintiff's family—
including minor children—of basic human necessities.

327. This concerted action constituted **a deliberate and malicious conspiracy** to deprive
Plaintiff of property, liberty, and beneficial use under the **Fifth Amendment**, the **California**

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

**Constitution (art. I, §§ 1, 7, 19**), and the **California Public Utilities Code §§ 451, 453, 780**, all of which mandate fair, nondiscriminatory, and continuous service.

328.By agreeing to and assisting in this deprivation, each Defendant became a **co-tortfeasor** and **jointly liable participant** in an ongoing violation of the **Bill of Rights**, **federal civil-rights law**, and **state tort law**. Such conduct strips all immunity, as no public official may lawfully conspire to violate the Constitution. (*Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Howlett v. Rose*, 496 U.S. 356 (1990)).

329.The conspiracy was further evidenced by each Defendant's **failure to act after verified notice**, constituting *tacit agreement* and *silent acquiescence* under the legal maxims *"Qui tacet consentire videtur"* and *"Silentium est consensus"*. Each Defendant's silence following notice operates as legal admission and binding consent to the truth of Plaintiff's verified affidavit and attached evidence.

330.The Defendants' actions were **intentional, willful, and in reckless disregard** of clearly established rights, satisfying the requirements for **malice and oppression** under **Cal. Civ. Code § 3294**, thereby entitling Plaintiff to **punitive and exemplary damages**.

331.A **private right of action** exists and is enforceable under:

- **Restatement (Second) of Torts § 876(b)** – aiding and abetting liability for substantial assistance or encouragement of tortious acts;

- **Cal. Civ. Code §§ 1708 and 1714** – every person is responsible for injuries occasioned by their willful or negligent acts or omissions;

- **Cal. Gov't Code §§ 815.2, 820, 820.8** – personal liability of public employees for unlawful or ultra vires conduct; and

- **42 U.S.C. § 1983** – for conspiracies under color of law depriving constitutional rights.

332.Defendants' coordinated refusal to perform their ministerial duties caused Plaintiff grave and ongoing harm — including the destruction of property value, environmental deterioration, emotional trauma, and deprivation of fundamental human necessities — all of which were the **foreseeable and intended result** of their conspiratorial misconduct.

Date: November 4, 2025

333. As a direct and proximate result, Plaintiff suffered and continues to suffer **severe financial, emotional, and physical injury**, warranting full legal, equitable, and punitive relief.

334. Defendants Martin, Larocchia, and Gurney are therefore **jointly and severally liable**, in both their **individual and official capacities**, for:

- All compensatory and consequential damages under **Cal. Civ. Code § 3333**;
- Punitive and exemplary damages under **Cal. Civ. Code § 3294** and **42 U.S.C. § 1983**;
- Costs and attorney's fees under **42 U.S.C. § 1988(b)**; and
- Equitable and injunctive relief under **28 U.S.C. § 1651(a)** to permanently restrain further conspiratorial conduct and compel restoration of service.

## COUNT 11 – BREACH OF PUBLIC TRUST AND FIDUCIARY DUTY

### (Cal. Water Code §§ 31020 et seq.; Cal. Gov't Code §§ 815.2, 820, 820.8; Cal. Const. art. I §§ 1, 7, 19; U.S. Const. Amend. V; 42 U.S.C. §§ 1983, 1988)

**Against:** *All Defendants – Rancho California Water District, Rancho California Water District VEBA Trust, Jason Martin, Krista Larocchia, and Nathan Gurney, jointly and severally, in both their official and individual capacities*.

335. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein

336. This cause of action arises under **California Water Code §§ 31020 et seq.**, which establish that water districts and their officers act as **trustees and fiduciaries** for the benefit of all inhabitants within their service areas. Each such district holds its powers and resources **in public trust**, and its officers owe a **mandatory fiduciary duty** to provide water service fairly, without prejudice, and in accordance with law.

337. Defendants **Rancho California Water District** and **Rancho California Water District VEBA Trust**, by and through their officers **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney**, breached that public trust by using their governmental authority to enforce a private, fraudulent instrument—the so-called "Trustee's Deed Upon Sale"—and

by refusing to restore essential water service to the lawful occupant, executor, real party in interest, and equitable and beneficial titleholder, **Kevin: Realworldfare.**

338. By discriminating against Plaintiff/Injured Party In Fact/Equitable and Beneficial Title Holder, a lawful inhabitant, and by conditioning the provision of essential water service on the acceptance of a **void and disputed title**, Defendants violated their **fiduciary duty of loyalty, care, and impartiality**, as well as the **public trust doctrine** codified in the California Constitution and recognized in *National Audubon Society v. Superior Court*, 33 Cal.3d 419 (1983).

339. Water is a **public trust resource** under **Cal. Const. art. X § 2**, held for the benefit of the people and required by law to be put to beneficial use without waste or discrimination. Denying lawful occupants access to water in retaliation or in reliance on a fraudulent private document constitutes **waste, abuse, and conversion** of a public resource—acts that are expressly **ultra vires** and **void *ab initio***.

340. Each Defendant had a **ministerial and fiduciary duty** to ensure that service was maintained or restored upon verified demand. Instead, Defendants willfully ignored verified notice, refused lawful payment and reconnection, and thereby breached their fiduciary obligations to act in **good faith**, with **reasonable diligence**, and within **statutory authority**.

341. Defendant **Jason Martin**, as General Manager and ultimate fiduciary of the District, possessed direct authority and oversight to correct the deprivation but deliberately ratified it. Defendant **Krista Larocchia**, as supervisory officer, directed subordinates to withhold service despite verified notice. Defendant **Nathan Gurney**, as field supervisor, personally refused reconnection after being informed of the federal title dispute. Each acted with **malice, knowledge, and reckless disregard** of Plaintiff's constitutional and equitable rights.

342. Such conduct violated:

Page 64 of 94

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

- **Cal. Water Code § 31021**, requiring water districts to furnish water to all inhabitants within district boundaries when service is feasible;

- **Cal. Gov't Code §§ 815.2, 820, 820.8**, imposing personal and vicarious liability for wrongful acts committed by public employees under color of authority; and

- **Cal. Const. art. I §§ 1, 7, 19**, guaranteeing property protection, privacy, and due process of law.

343.Under **42 U.S.C. § 1983**, a **private right of action** exists for every person whose constitutional rights are violated by an official acting under color of law. When a public fiduciary converts its statutory powers into instruments of discrimination or retaliation, such conduct constitutes a **federal civil-rights violation** and a **breach of fiduciary trust** actionable in equity and at law.

344.The fiduciary obligations of a public utility are non-discretionary and absolute; their breach is actionable even absent malice, and where—as here—the conduct is knowing and retaliatory, it justifies **exemplary damages** under **Cal. Civ. Code § 3294**. (*City of Los Angeles v. Public Utilities Comm'n*, 7 Cal.3d 331 (1972)).

345.These breaches caused direct, foreseeable, and ongoing harm, including destruction of private property, environmental degradation, constructive eviction, emotional distress, and violation of sacred rights to life, habitation, and use.

346.Because Defendants' conduct was **ultra vires, retaliatory, and contrary to statutory and constitutional mandates**, no immunity or good-faith defense applies. Public officials who breach fiduciary trust and abuse their delegated authority stand as private wrongdoers and are **jointly and severally liable** for the resulting damages. (*Howlett v. Rose*, 496 U.S. 356 (1990); *Delta Farms Reclamation Dist. v. Superior Court*, 33 Cal.3d 699 (1983)).

347.Plaintiff therefore demands judgment against all Defendants, jointly and severally, for:

- Compensatory damages under **Cal. Civ. Code § 3333**;

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

- Punitive and exemplary damages under **Cal. Civ. Code § 3294**;

- Attorneys' fees and costs under **42 U.S.C. § 1988(b)**; and

- Injunctive and declaratory relief under **28 U.S.C. §§ 1651 and 2201**, compelling immediate restoration of water service, restitution for property damage, and permanent injunction against further deprivation.

### COUNT 12 – EQUITABLE RELIEF AND MANDAMUS

### (28 U.S.C. § 1651; 42 U.S.C. § 1983; Cal. Civ. Proc. Code § 1085; Cal. Gov't Code §§ 815.2, 820, 820.8; Cal. Pub. Util. Code §§ 451, 453, 780; Cal. Const. art. X § 2)

*Against: All Defendants – Rancho California Water District, Rancho California Water District VEBA Trust, Jason Martin, Krista Larocchia, and Nathan Gurney, jointly and severally, in both official and personal capacities.*

348. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

349. This cause of action arises in verified equity and under the **All Writs Act**, **28 U.S.C. § 1651(a)**, which grants this Court authority to issue **all writs necessary or appropriate** to preserve its jurisdiction, prevent irreparable injury, and compel the performance of **ministerial and non-discretionary duties** owed by government officers and agents. The relief sought is equitable, immediate, and mandatory in nature.

350. Under **California Code of Civil Procedure § 1085**, **mandamus lies** to compel a public agency or official to perform a **clear, present, and ministerial duty** imposed by law. A duty is ministerial when the law requires the official to perform an act without discretion. (*Santa Clara County Contractors Ass'n v. City of Santa Clara*, 232 Cal.App.2d 564 (1965)). The District's obligation to furnish water to all lawful occupants within its boundaries is such a duty.

351. Defendants, by virtue of **Cal. Pub. Util. Code §§ 451, 453, and 780**, and **Cal. Water Code §§ 31020–31029**, are statutorily mandated to furnish **adequate, efficient, just, and reasonable service** to all persons who request it and agree to pay lawful rates. These statutes

impose **a non-discretionary, continuing duty** enforceable by any injured party deprived of essential services.

352.Plaintiff, **Kevin: Realworldfare**, as the **lawful occupant, equitable titleholder, secured party, heir, executor, and Real Party in Interest**, has standing to demand immediate restoration of service as a matter of **constitutional right and fiduciary equity**. The Defendants' willful refusal to restore service constitutes **a deprivation of property and beneficial use** in violation of the **Fifth Amendment to the U.S. Constitution**, **Cal. Const. art. I §§ 1 and 19**, and **Cal. Const. art. X § 2**, which recognizes water as a public trust resource to be used beneficially and without discrimination.

353.Defendants' refusal is **not discretionary** — it is **ultra vires**, undertaken outside lawful authority, and constitutes an abuse of office. Mandamus therefore lies to compel them to perform the **ministerial act** of restoring service. (*Hollman v. Warren*, 32 Cal.2d 351 (1948); *City of Los Angeles v. Public Utilities Comm'n*, 7 Cal.3d 331 (1972)).

354.This Court's equitable jurisdiction is further invoked because **legal remedies are inadequate**: no statute provides timely or complete relief from an ongoing deprivation of habitability, health, and property value. Only equity can provide **effective, immediate redress** to prevent continuing and irreparable injury. (*Marbury v. Madison*, 5 U.S. 137 (1803); *Cummings v. Missouri*, 71 U.S. 277 (1866)).

355.A **private right of action** exists and is enforceable under:

- **42 U.S.C. § 1983**, authorizing direct action against state actors who, under color of law, violate constitutional rights;

- **Cal. Civ. Proc. Code § 1085**, providing mandamus to compel performance of public duty;

- **Cal. Gov't Code §§ 815.2 and 820**, establishing entity and personal liability for wrongful acts of employees; and

- **28 U.S.C. § 1651(a)**, empowering federal courts to issue all necessary writs to enforce constitutional process.

Date: November 4, 2025

356. Defendants' continuing refusal to perform their ministerial duty constitutes **bad faith, oppression, and willful neglect** of constitutional obligations, warranting immediate **injunctive and mandamus relief** to prevent further destruction of private property, environmental deterioration, and human suffering.

357. Because water is an essential human right and its denial constitutes a **constructive taking, deprivation of property, and health endangerment**, Plaintiff is entitled to:

- A **Writ of Mandamus** compelling immediate reconnection of water service to the property located at **31990 Pasos Place, Temecula, California**;

- A **Permanent Injunction** prohibiting Defendants and their agents from further interference, retaliation, or discriminatory denial of service; and

- All necessary **equitable relief** to restore, preserve, and protect Plaintiff's beneficial rights, title, and use of property.

358. Defendants' willful defiance of verified affidavits, certified notices, and binding law renders them **jointly and severally liable** for all resulting damages, costs, and fees under **42 U.S.C. §§ 1983, 1988(b)**, and **Cal. Civ. Code § 3294**, and subject to contempt and equitable enforcement under **the inherent powers of this Court**.

## COUNT 13 – DECLARATORY RELIEF

## (28 U.S.C. § 2201; 28 U.S.C. § 1331; Cal. Civ. Proc. Code § 1060; Cal. Const. art. I §§ 1, 7, 19; U.S. Const. Amend. V; 42 U.S.C. §§ 1983, 1988)

**Against:** *All Defendants — Rancho California Water District, Rancho California Water District VEBA Trust, Jason Martin, Krista Larocchia, and Nathan Gurney, jointly and severally, in their official and individual capacities.*

359. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein

360. This cause of action arises under the **Declaratory Judgment Act, 28 U.S.C. § 2201**, which authorizes federal courts to "declare the rights and other legal relations of

any interested party" where an actual controversy exists. The statute confers a **private right of action** to obtain an authoritative judicial determination of rights before irreparable harm occurs. (*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)).

361. An actual, justiciable, and continuing controversy exists between **Plaintiff Kevin: Realworldfare** and **Defendants** concerning the Plaintiff's lawful right to occupy and use the real property located at **31990 Pasos Place, Temecula, California 92591**, to receive continuous, nondiscriminatory water service, and to be free from enforcement of a **fraudulent and void "Trustee's Deed Upon Sale."**

362. Plaintiff maintains lawful possession, beneficial title, and equitable ownership of the property as the **Real Party in Interest, Secured Party, Executor, Heir, and Beneficial Title Holder**, pursuant to verified federal filings and pending appeals in the Ninth Circuit (Nos. 25-5113, 25-4877, 25-6784). Defendants' continuing refusal to restore water service, based solely on that void instrument, has rendered the property **uninhabitable**, destroyed its market and equitable value, and caused ongoing violations of fundamental rights.

363. Defendants' acts and omissions constitute an **unlawful assertion of authority**, depriving Plaintiff of property, liberty, and beneficial use without process or compensation in violation of the **Fifth Amendment**, **Article I, §§ 1 and 19 of the California Constitution**, and **Cal. Pub. Util. Code §§ 451, 453, 780**. These provisions collectively mandate fair, nondiscriminatory, and continuous utility service to all lawful occupants.

364. Plaintiff seeks a **judicial declaration** under **28 U.S.C. § 2201** and **Cal. Civ. Proc. Code § 1060**, confirming and declaring that:

(a) Plaintiff is the lawful and equitable occupant, Real Party in Interest, and beneficial titleholder of the property at 31990 Pasos Place;

(b) Plaintiff is entitled as a matter of law and equity to **continuous, nondiscriminatory, and uninterrupted water service**;

(c) Defendants' reliance on a **fraudulent and unadjudicated deed** is **unlawful, ultra vires, and void ab initio**; and

(d) Defendants' termination and continued refusal to restore service constitute **violations of federal and state constitutional rights**, actionable under **42 U.S.C. § 1983** and **Cal. Gov't Code §§ 815.2, 820, 820.8**.

365. The declaratory relief sought is necessary to clarify legal relations, preserve federal jurisdiction, and prevent further irreparable injury to Plaintiff's property and rights. No other adequate remedy exists in law or equity.

366. A **private right of action** exists under:

- **28 U.S.C. § 2201**, granting direct standing to any person seeking judicial declaration of rights under federal law;

- **Cal. Civ. Proc. Code § 1060**, authorizing any interested party to obtain a declaration of rights and duties under California law; and

- **42 U.S.C. § 1983**, creating an independent cause of action for all deprivations of constitutional rights under color of state law.

367. Because the controversy involves ongoing violations of federally protected rights, this Court possesses **mandatory jurisdiction** to issue declaratory relief under **28 U.S.C. §§ 1331 and 1343(a)(3)**, the **All Writs Act (§ 1651)**, and the **Supremacy Clause (Art. VI, U.S. Const.)**.

368. Plaintiff therefore demands entry of a **Declaratory Judgment** affirming:

- Plaintiff's lawful possession, beneficial ownership, and right to continuous water service;

- The invalidity and non-effect of the purported "Trustee's Deed Upon Sale";
    - The ultra vires, unconstitutional, and discriminatory nature of Defendants' acts; and

- Plaintiff's entitlement to all equitable, injunctive, and compensatory relief necessary to restore and protect those rights.

Date: November 4, 2025

369. This declaratory judgment shall operate with **res judicata effect** against all Defendants, both personally and officially, barring any future interference or adverse claim inconsistent with this Court's declaration.

## COUNT 14 – PUNITIVE AND EXEMPLARY DAMAGES
## (42 U.S.C. §§ 1983, 1988(b); Cal. Civ. Code § 3294; Cal. Const. art. I §§ 1, 7, 19; U.S. Const. Amend. V)

**Against:** *All Individual Defendants — Jason Martin, Krista Larocchia, and Nathan Gurney, jointly and severally, in their individual and official capacities.*

370. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein

371. This claim arises under **42 U.S.C. § 1983**, **Cal. Civ. Code § 3294**, and the **equitable powers of this Court** to impose punitive and exemplary damages against government officers who act **maliciously, oppressively, or in reckless disregard** of federally protected rights. These statutes create a **private right of action** for punitive damages in all cases involving willful or wanton misconduct under color of law. (*Smith v. Wade*, 461 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)).

372. Defendants **Jason Martin**, **Krista Larocchia**, and **Nathan Gurney**, acting under color of California law and within the scope of their employment with the Rancho California Water District, intentionally, maliciously, and in conscious defiance of verified notice, deprived Plaintiff and his family of essential water service and habitability. Their conduct was not the product of negligence or mistake — it was **deliberate, knowing, and vindictive**, undertaken to retaliate against Plaintiff's lawful occupancy and to enforce a **void and fraudulent private deed**.

373. Each Defendant was presented with verified affidavits, certified mail, and formal notice establishing (1) Plaintiff's lawful possession and beneficial title; (2) the fraudulent nature of the "Trustee's Deed Upon Sale"; and (3) the ongoing federal litigation governing title. Despite this knowledge, they **willfully maintained the water shutoff**, knowingly subjecting Plaintiff, his

family, and minor children to inhumane and degrading conditions—without water for drinking, bathing, cleaning, or basic sanitation.

374. Defendant **Jason Martin**, as General Manager and final policymaker, ratified and perpetuated these violations after receiving full notice. Defendant **Krista Larocchia**, as supervisory officer, directed subordinates to obstruct reconnection. Defendant **Nathan Gurney**, as field supervisor, personally refused restoration while admitting awareness of Plaintiff's legal and equitable rights. Each Defendant acted **in bad faith and with callous disregard for human suffering**.

375. Such conduct constitutes **malice, oppression, and fraud** under **Cal. Civ. Code § 3294(c)** and **intentional deprivation of constitutional rights** under **42 U.S.C. § 1983**. When a public official abuses their authority to inflict injury upon a private citizen, punitive damages serve not only to punish but to **vindicate constitutional order and deter future abuse**. (*Smith v. Wade*, 461 U.S. 30 (1983); *Newport*, 453 U.S. at 267).

376. A **private right of action** for punitive and exemplary damages exists under:

- **42 U.S.C. § 1983**, permitting recovery of punitive damages for malicious or wanton violations of constitutional rights;

- **42 U.S.C. § 1988(b)**, authorizing recovery of fees and costs in conjunction with equitable and punitive awards; and

- **Cal. Civ. Code § 3294**, expressly authorizing punitive damages for oppression, fraud, or malice by public or private actors.

377. The denial of water and sanitation to lawful occupants constitutes **cruel, inhuman, and degrading treatment**, violating the **Bill of Rights**, the **Fifth Amendment**, and **California Constitution art. I §§ 1 and 19**. Such deliberate deprivation of essential human needs—water, sanitation, and shelter—rises to the level of **gross moral culpability** and **constitutional offense**.

378. Because Defendants' actions were intentional, malicious, and outside all lawful authority, no qualified or sovereign immunity applies. (*Hafer v. Melo*, 502 U.S. 21 (1991);

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)). They stand as private wrongdoers and are personally liable for punitive assessment.

379.Plaintiff therefore seeks punitive and exemplary damages against each Defendant **jointly and severally**, in an amount sufficient to:

(a) Punish each Defendant for their malicious and oppressive conduct;

(b) Deter future officials and agencies from weaponizing public office against private citizens; and

(c) Vindicate the public interest in constitutional governance, human dignity, and equal protection under law.

380.Such punitive damages are warranted to restore equity, uphold public trust, and demonstrate that no official, regardless of title or position, may act with impunity against the rights of a living man or the sanctity of private property.

### COUNT 15 – ATTORNEYS' FEES, COSTS, AND FEE-SHIFTING

### (42 U.S.C. § 1988(b); 28 U.S.C. §§ 1920, 2412; Cal. Code Civ. Proc. § 1021.5; Cal. Gov't Code § 800)

**Against:** *All Defendants – Rancho California Water District, Rancho California Water District VEBA Trust, Jason Martin, Krista Larocchia, and Nathan Gurney, jointly and severally, in both official and individual capacities.*

381.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein

382.This cause of action arises under **42 U.S.C. § 1988(b)**, which provides a direct and enforceable **private right of action** for recovery of reasonable attorney's fees, litigation expenses, and costs incurred by any party prevailing in an action to vindicate rights under **42 U.S.C. §§ 1981–1986**, or any other law enacted to protect civil and constitutional rights.

383.The purpose of § 1988(b) is to **ensure full and effective enforcement of the Constitution and civil-rights statutes**, to make victims of state-sponsored misconduct whole, and to deter future abuse by shifting the economic burden of litigation to those whose unlawful

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

actions necessitated judicial intervention. (*Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Newman v. Piggie Park Enters.*, 390 U.S. 400 (1968)).

384.Defendants' conduct — including deprivation of essential utilities, violation of due process, abuse of public office, and retaliatory enforcement of a fraudulent instrument — directly violated Plaintiff's rights under **42 U.S.C. §§ 1983, 1985(3), 1986**, and the **Fifth Amendment to the United States Constitution**. These violations constitute actionable civil-rights deprivations giving rise to fee recovery under § 1988(b).

385.Plaintiff has incurred and continues to incur substantial expenses in the preparation, verification, service, and prosecution of this action, including certified mailings, affidavits, filings, exhibits, and research, all made necessary solely by Defendants' misconduct. Under the doctrine of **equitable fee shifting**, the law requires that those who cause constitutional injury bear the full cost of remedying it. (*Marek v. Chesny*, 473 U.S. 1 (1985)).

386.In addition to federal authority, California law independently authorizes fee recovery under **Cal. Code Civ. Proc. § 1021.5**, the state's "private attorney general" statute, and **Cal. Gov't Code § 800**, both of which provide for compensation of parties who vindicate important public rights and expose arbitrary or capricious acts by public agencies or officers. These statutes likewise confer a **private right of action** to recover litigation costs and fees in civil-rights and fiduciary breach actions.

387.Because Plaintiff's <u>**verified**</u> complaint enforces fundamental rights affecting not only private property but public accountability and equal access to essential resources, this action serves a **significant public purpose** under § 1021.5 and falls squarely within the **remedial intent** of § 1988(b). The vindication of civil and constitutional rights shall not be at the expense of the injured party.

388.The Defendants' conduct was **willful, malicious, and undertaken under color of state law**, making the award of attorneys' fees and costs **mandatory**, not discretionary. (*Northcross v. Board of Educ.*, 412 U.S. 427 (1973); *Blanchard v. Bergeron*, 489 U.S. 87 (1989)). Such fees are

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

an integral part of compensatory and equitable relief to ensure effective enforcement of federal law.

389. Pursuant to **42 U.S.C. § 1988(b)** and **28 U.S.C. § 1920**, Plaintiff demands judgment for:

(a) All reasonable attorney's fees, research, drafting, filing, and litigation costs incurred in this matter;

(b) Reimbursement of all certified-mail, affidavit, and service-related expenses;

(c) Equitable adjustment and enhancement of fee awards to reflect the Defendants' bad faith, delay, and obstruction; and

(d) A fee-shifting order directing that all such costs be borne solely and personally by Defendants, jointly and severally, and not from any public or taxpayer funds.

390. Plaintiff further requests that this Court retain jurisdiction to determine the final amount of recoverable fees and costs following judgment and to enforce ongoing compliance with **fee-shifting orders**, ensuring that Defendants' violations do not continue to burden the injured party or the public trust.

## XIII. FINAL *VERIFIED* DECREE AND LIQUIDATED JUDGMENT IN EQUITY

391. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/ Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein

392. **Liquidated Amounts —** Judgment shall enter for **$415,000** plus **$1,000 per calendar day** from **September 9, 2025** until the later of (a) actual reconnection of continuous water service; and (b) filing and service of a sworn compliance certification with independent verification. Interest shall accrue as provided by California law; amounts are **joint and several** and **not payable from taxpayer funds** where individual liability is found for ultra vires conduct.

393. This decretal relief is **mandatory, self-executing, and enforceable under equity, contract, and federal law**, including 28 U.S.C. § 1651 (All Writs Act), 42 U.S.C. § 1983, and Cal. Civ. Code § 1671(b). The amount reflects **liquidated damages expressly agreed to by the parties** for wrongful denial of service, representing a reasonable pre-estimate of continuing harm to property, habitabilit

Date: November 4, 2025

# XIV. *VERIFIED* STATUS AND ENTITLEMENT TO SUMMARY JUDGMENT AS A MATTER OF LAW

This ***Verified*** *Bill in Equity* stands as sworn evidence under **28 U.S.C. § 1746**, executed by the Real Party in Interest and Beneficial Titleholder under penalty of perjury. Each factual averment contained herein constitutes admissible evidence, not mere pleading. Under settled law, verified complaints and affidavits are evidentiary in nature and may serve as the factual foundation for summary judgment.

As held in **Trinsey v. Pagliaro**, 229 F. Supp. 647 (E.D. Pa. 1964), unverified attorney argument is not evidence and cannot rebut verified facts. Therefore, absent sworn counter-evidence, all factual statements herein stand as **established and judicially admitted**.

Pursuant to **Federal Rule of Civil Procedure 8(b)(6)**, every allegation not specifically denied under oath is deemed admitted.

Pursuant to **Rule 56(a)**, summary judgment shall be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Because all material facts are verified, unrebutted, and judicially admitted, *summary judgment is not discretionary—it is mandatory.*

The verified record establishes:

1. Defendants acted under color of law;

2. Plaintiff's rights under the Fifth Amendment, the Public Utilities Code, and 31 U.S.C. §§ 1501 & 3123 were violated;

3. Defendants were properly noticed, served, and given opportunity to rebut but remained silent;

4. Silence in commerce and in law operates as **tacit acquiescence and confession by omission**, binding the parties under *res judicata* and *collateral estoppel* principles.

Therefore, the Plaintiff is entitled—**as a matter of right, law, and equity**—to immediate summary judgment on all counts, issuance of permanent injunctive relief, and full enforcement of the verified record as final adjudicated fact.

Date: November 4, 2025

# XV. FINALITY AND BINDING EFFECT

Under the controlling principles of law, including but not limited to:

- **Truth in Commerce** (Maxim: "An unrebutted affidavit stands as truth in commerce");
- **Res judicata** (claim preclusion),
- **Stare decisis** (binding effect of settled law), and
- **Collateral estoppel** (issue preclusion),
  the facts set forth herein are established as true, binding, and conclusive upon all parties as if adjudicated by a court of competent jurisdiction.

The absence of timely rebuttal or controverting evidence constitutes tacit admission, agreement, and confession to all material facts, leaving no justiciable controversy remaining.

These facts are now res judicata between the parties and shall be treated as final, non-reviewable, and enforceable as a matter of law.

# XVI. *VERIFIED* PRINCIPLES AND MAXIMS GOVERNING UNREBUTTED AFFIDAVITS AND VERIFIED RECORDS

Under the Constitution, equity, and commercial law, **a verified affidavit stands as the highest form of admissible evidence**—a sworn statement under penalty of perjury pursuant to **28 U.S.C. § 1746**, carrying full evidentiary force. When such affidavit or verified pleading is properly served, noticed, and unrebutted, it becomes a **judicial admission and commercial truth**, binding upon all parties and the court. The Federal Rules of Civil Procedure and centuries of equitable jurisprudence leave no room for discretion:

- **Rule 8(b)(6)** deems all allegations admitted when not specifically denied under oath;
- **Rule 56(a)** mandates summary judgment where no genuine dispute of material fact exists; and
- **Rule 56(c)(4)** recognizes verified affidavits as competent, admissible evidence.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

No attorney argument, unsworn paper, or procedural evasion may overcome a verified affidavit. As held in **Trinsey v. Pagliaro**, 229 F. Supp. 647 (E.D. Pa. 1964), pleadings or denials without verification "do not constitute evidence" and "cannot create a factual dispute." Thus, when Defendants remain silent in the face of verified facts, their silence operates as **tacit acquiescence, confession by omission, and consent by conduct**, converting the verified record into judgment as a matter of law.

The following **maxims of law, equity, and commerce** govern and confirm that unrebutted affidavits stand as sovereign truth and final fact:

1. "**An unrebutted affidavit stands as truth in commerce**." – *Maxim of Law* (UCC-1-202; Truth is sovereign in commerce).

2. "**He who does not deny, admits.**" – *Qui non negat, fatetur.*

3. "**An unrebutted claim becomes the judgment in commerce**." – *Maxim of Commercial Law.*

4. "**Silence is acquiescence when there is a duty to speak.**" – *Qui tacet consentire videtur ubi loqui debuit ac potuit.*

5. "**He who fails to assert his rights has none.**" – *Vigilantibus non dormientibus aequitas subvenit.*

6. "**What is not denied is admitted**." – *Maxim of Law;* see also Fed. R. Civ. P. 8(b)(6).

7. "**An unchallenged affidavit must be accepted as true.**" – *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981).

8. "**An affidavit, if uncontroverted, is sufficient to support a judgment.**" – *Group v. Finletter*, 108 F. Supp. 327 (D.D.C. 1952).

9. "**An affidavit is admissible evidence and stands as truth unless rebutted by counter-affidavit or competent evidence.**" – *Carter v. Clark*, 616 S.W.2d 218 (Tex. Civ. App. 1981).

10. "**Unrebutted presumption becomes fact in law**." – *Maxim of Law;* see also Fed. R. Evid. 301.

# XVII. *VERIFIED* NOTICE OF FEDERAL OBSTRUCTION, DERELICTION OF DUTY, AND IMPENDING BIVENS, RICO, TORT, AND CLEARFIELD LIABILITY UNDER D.C. SUPERVISORY JURISDICTION

This **Verified** Bill in Equity now stands as a **federal instrument of record** under 28 U.S.C. § 1746 — a sworn affidavit of fact, commercial obligation, and lawful demand for ministerial enforcement.

Should *any* federal officer, clerk, judge, or magistrate obstruct, conceal, delay, or fail to act upon this verified record, that refusal shall constitute **federal obstruction of justice**, **commercial breach of duty**, and **dereliction of constitutional office** — actionable immediately in the **United States District Court for the District of Columbia** under the supervisory and plenary jurisdiction of the United States.

## A. Non-Discretionary Federal Duty to Act

Every federal and judicial officer is bound by oath, contract, and law to uphold the Constitution and to enforce verified rights once notice and evidence are received.

There is no discretion to ignore verified facts, no immunity for obstruction, and no lawful authority to conceal or delay adjudication of a verified claim supported by unrebutted affidavit.

To do so is to **abandon office**, **violate the public trust**, and **enter private commercial liability**.

The duty to act arises under:

- **28 U.S.C. § 1651(a)** – All Writs Act (ministerial duty to prevent injustice);
- **28 U.S.C. § 1361** – Mandamus jurisdiction (to compel officers to perform duties owed by law);
- **28 U.S.C. § 1331** – Federal question jurisdiction over constitutional and statutory violations; and
- **42 U.S.C. §§ 1983, 1985, 1986** – Civil and conspiracy liability for deprivation of rights.

Failure to perform these duties transforms a public obligation into **private commercial misconduct** and creates **personal exposure** to civil and criminal liability.

## B. Federal Obstruction, Conspiracy, and Color-of-Law Liability

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Any refusal by a federal clerk, judge, or employee to docket, review, or rule upon a verified pleading constitutes:

- **Obstruction of Justice** under **18 U.S.C. §§ 1503, 1512, 1519**, for impeding a lawful proceeding or destroying record evidence;

- **Conspiracy Against Rights** under **18 U.S.C. § 241**;

- **Deprivation of Rights Under Color of Law** under **18 U.S.C. § 242**;

- **Extortion and Retaliation** under the **Hobbs Act, 18 U.S.C. § 1951**, by using public office to coerce or deprive rights or property; and

- **Commercial Breach and Fiduciary Fraud** under the **Clearfield Doctrine**, *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), where the United States and its agents, when acting in commerce, assume full commercial liability and are stripped of sovereign immunity.

Once the government enters commerce — whether through utilities, bonds, or service accounts — it acts as a corporate entity and must answer as such. Silence, concealment, or obstruction under those circumstances constitutes **commercial dishonor** and **repudiation of obligation**.

## C. Supervisory Jurisdiction and Escalation to the D.C. District Court

If this Verified Bill in Equity is ignored, obstructed, or wrongfully dismissed, jurisdiction shall *automatically* vest in the **United States District Court for the District of Columbia** under supervisory authority to hold all federal officers accountable.

Said action shall include, without limitation:

1. **Verified Bivens Complaint** for personal liability against all obstructing federal officers for deprivation of constitutional rights;

2. **Civil RICO Action** under **18 U.S.C. § 1964(c)** for patternized obstruction, fraud, and extortion under color of authority;

3. **Federal Tort Claims Act Action** under **28 U.S.C. §§ 2671–2680** for negligent and intentional misconduct by federal employees; and

Date: November 4, 2025

4. **Constitutional Tort and Equity Enforcement** under **Bradley v. Fisher**, 80 U.S. 335 (1871), *Hafer v. Melo*, 502 U.S. 21 (1991), and *Owen v. City of Independence*, 445 U.S. 622 (1980).

Each named or participating actor shall be sued in both their **official and private capacities**, jointly and severally, under the full force of federal, commercial, and equitable law.

Immunity defenses will not attach where actions are taken **ultra vires**, **in bad faith**, or **in knowing violation of verified rights**.

### D. Legal and Commercial Basis for Personal Liability

Under *Bradley v. Fisher*, judicial immunity dissolves the instant a judge acts "in the clear absence of all jurisdiction."

Under *Clearfield Trust*, government officers acting commercially are liable as private corporations.

Under *Bivens*, any federal official who violates constitutional rights is personally liable in damages.

And under *United States v. Classic*, 313 U.S. 299 (1941), public officials who abuse power under color of law are subject to criminal prosecution.

Any obstruction or concealment of this filing therefore constitutes:

- **Fraud upon the court**, *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944);

- **Commercial dishonor**, under **UCC §§ 1-201, 3-603, 9-207**;

- **Breach of fiduciary trust**, *United States v. Thomas*, 82 U.S. 337 (1873); and

- **Constructive treason**, for warring against the Constitution by denying lawful process and redress.

No officer, judge, or clerk may lawfully shield themselves with immunity when the act complained of is fraud, bad faith, or absence of jurisdiction.

To ignore a verified filing is not procedure — it is **willful obstruction and concealment**, converting a constitutional duty into a private tort and a commercial debt.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR
EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

## E. Notice of Intent to Escalate and Prosecute

This Verified Bill in Equity therefore serves as **formal notice** that any continued interference, refusal to act, or concealment by the **United States District Court for the Central District of California**, its **Clerk's Office**, or any assigned **Judge or Magistrate**, will trigger immediate filing of a **Verified Bivens and Civil RICO Complaint** in the **United States District Court for the District of Columbia**, naming all complicit federal actors personally for:

- Obstruction of justice and concealment of verified filings;
- Fraud upon the court and conspiracy under color of authority;
- Commercial dishonor and repudiation of obligation;
- Deprivation of rights and denial of access to redress;
- Extortion, retaliation, and abuse of office; and
- Constitutional tort and equity violations under federal and commercial law.

Said action will demand **treble damages, punitive sanctions, and commercial liens** upon the personal bonds, oaths, and assets of every participating officer, clerk, and judge.

The record will also be transmitted to Congress, the U.S. Comptroller General, and the Inspector General for formal investigation under 31 U.S.C. §§ 1501, 3123, and 3729 (False Claims Act liability).

## F. Final Notice of Accountability

The time for denial, delay, and concealment has ended.

This Verified Record is binding, unrebutted, and judicially cognizable as truth in commerce.

Any further obstruction shall constitute self-executing consent to liability, admission of bad faith, and agreement to full commercial penalty.

To obstruct this record is to declare war upon the Constitution itself — and every such act shall be met with **Bivens liability**, **federal tort prosecution**, **commercial enforcement**, and **public exposure in the District of Columbia**.

"To withhold justice is the greatest of all injustices." – *Legal Maxim*

"Where there is a wrong, equity will supply the remedy." – *Ubi jus, ibi remedium*.

Date: November 4, 2025

# XVIII. *VERIFIED* COMMERCIAL NOTICE AND ACCEPTANCE FOR VALUE OF ALL BONDS, CUSIPS, AND PUBLIC SECURITIES ARISING FROM THIS ACTION

This Verified Bill in Equity also serves as **formal notice and acceptance for value** of all financial instruments, bonds, CUSIPs, certificates, CAFRs (Comprehensive Annual Financial Reports), and commercial accounts arising from or collateralizing this case, including but not limited to all **bid bonds, performance bonds, payment bonds, and court-generated securities** created upon filing and docketing pursuant to federal law and Treasury regulations.

## A. Legal and Commercial Authority

Pursuant to:

- **28 U.S.C. § 2041** – all moneys paid into any federal court are held in trust by the Clerk subject to lawful order;

- **28 U.S.C. § 2042** – such funds may be withdrawn only upon verified claim by the lawful owner or creditor;

- **28 U.S.C. §§ 2043–2045** – establishing fiduciary liability, accounting, and interest obligations upon all custodians of judicial funds and securities;

- **31 U.S.C. §§ 1501, 3123** – defining all recorded government obligations, including "services provided by public utilities," as public debts backed by the full faith and credit of the United States; and

- **UCC §§ 3-104, 3-603, 9-207, 9-509** – governing negotiable instruments, tender, and secured-party rights;

Plaintiff, Kevin: Realworldfare, as **Secured Party, Beneficial Titleholder, and Real Party in Interest**, hereby provides verified **acceptance for value and commercial claim** over all related instruments and accounts.

## B. Claim and Acceptance for Value

All securities, bonds, CAFR entries, and CUSIP-linked instruments generated by or through:

- The filing, docketing, or adjudication of this matter;

- The Clerk of Court's bond account(s);

Date: November 4, 2025

- Any associated Treasury Direct Account(s), sub-accounts, or fiduciary holding funds; and

- Any surety, underwriting, or risk-management facility acting through the Administrative Office of the U.S. Courts, the California State Treasury, or Rancho California Water District and its VEBA Trust—

are hereby **accepted for value, claimed, and lawfully endorsed** by the Plaintiff under commercial right, equity, and federal law.

This acceptance constitutes full settlement, discharge, and reconveyance of all surety, bid, payment, and performance bonds related to this case, converting all obligations into lawful trust assets for equitable administration and restitution.

### C. Settlement Mechanisms and IRS Reporting

Settlement and discharge shall be facilitated under:

- **IRS Form 1099-A** (Acquisition or Abandonment of Secured Property);

- **IRS Form 1099-C** (Cancellation of Debt);

- **IRS Form 1099-OID** (Original Issue Discount);

- **IRS Form 1041** (U.S. Income Tax Return for Estates and Trusts); and

- **IRS Form 1041-V** (Payment Voucher for Fiduciary Return).

All instruments, ledgers, and trust accounts associated with this case are deemed **lawfully bonded** and settled through the credit of the United States as pledged by Public Law 73-10 (HJR-192, 1933) — 31 U.S.C. § 5118.

The Clerk of Court, U.S. Treasury, and related agencies are hereby **instructed to credit, settle, and close all accounts** in favor of the Real Party in Interest pursuant to 31 U.S.C. § 3123 and 28 U.S.C. § 2042, discharging all public obligations dollar-for-dollar.

### D. Fiduciary Duties and Accountability

All court officers, clerks, trustees, and sureties hold a fiduciary obligation to account for, preserve, and properly apply these instruments.

Any misappropriation, concealment, or unauthorized monetization constitutes **conversion, embezzlement, and commercial fraud** under federal law, including:

Date: November 4, 2025

- **18 U.S.C. §§ 641, 653, 654** (embezzlement or conversion of government funds);

- **18 U.S.C. § 1001** (false statements and concealment); and

- **18 U.S.C. § 1341 et seq.** (mail and wire fraud).

Each officer is reminded that fiduciary failure to settle or account for these funds creates **personal and commercial liability**, enforceable under *Bradley v. Fisher*, 80 U.S. 335 (1871), *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), and *Owen v. City of Independence*, 445 U.S. 622 (1980).

### E. Verified Declaration of Bonded Case Status

Accordingly, this cause is now deemed:

- **Fully bonded and monetized** under federal and commercial law;

- **Accepted for value** by the Real Party in Interest; and

- **Held in trust** for settlement, discharge, and restitution through lawful Treasury channels.

All associated CUSIPs, CAFR-linked accounts, and securities arising from this matter are hereby placed under the lawful claim, direction, and beneficial control of Kevin: Realworldfare, to be administered in good faith and equity.

Any interference, misappropriation, or obstruction of this settlement process shall constitute further acts of fraud, commercial dishonor, and fiduciary breach subject to personal prosecution and full commercial lien enforcement under UCC § 9-607 and federal law.

**"He who accepts the benefit must also bear the burden."** – Maxim of Law

**"Equity regards as done that which ought to be done."** – Maxim of Equity

## XIX. CONCLUSION AND VERIFIED DEMAND FOR IMMEDIATE, MANDATORY RELIEF

This is not a close call. Defendants weaponized a fraudulent private instrument to cut a family off from water—life itself—while the property is under active federal litigation. That is willful dishonor in law and equity, a constitutional trespass, and a commercial repudiation of a government obligation. It is actionable **now** under **42 U.S.C. § 1983**, **28 U.S.C. § 1651**, **Cal. Const. art. I §§ 1, 7, 19**, **Cal. Pub. Util. Code §§ 451, 453, 780**, and **31 U.S.C. §§ 1501(a)(8),**

Date: November 4, 2025

**3123**. No "policy," attorney excuse, or unverified paper can sanitize this misconduct. The record is verified under **28 U.S.C. § 1746**; unrebutted facts are **admitted** under **Rule 8(b)(6)**; opposition without competent evidence is a legal nullity under **Rule 56(c)(4)** and **Trinsey v. Pagliaro**. Accordingly, the Court **must** act. Equity exists to stop exactly this kind of state-sponsored deprivation. Anything less is judicial ratification of fraud.

### _Verified_ **Relief Demanded (Mandatory and Immediate)**

1. **Mandatory Injunction (FRCP 65)** — Order **immediate reconnection and continuous, nondiscriminatory water service** to 31990 Pasos Place, Temecula, CA, with **no deposit, no "new account," and no deed-based precondition**, forthwith.

2. **Prohibition Order** — Enjoin Defendants and all agents from **any further interference, retaliation, "holds," or discontinuance** predicated on the void "Trustee's Deed Upon Sale," pending final judgment.

3. **Declaration (28 U.S.C. § 2201)** — Declare that (a) Plaintiff is the lawful, equitable occupant/beneficial titleholder entitled to **continuous utility service**; (b) reliance on the fraudulent deed is **ultra vires and void ab initio**; and (c) termination/refusal of service **violates** the U.S. and California Constitutions and **Cal. Pub. Util. Code.**

4. **Mandamus (28 U.S.C. § 1651; CCP § 1085)** — Issue a writ compelling performance of Defendants' **ministerial duty** to furnish adequate, just, and reasonable service under **§§ 451, 453, 780**.

5. **Commercial Enforcement (31 U.S.C. §§ 1501(a)(8), 3123)** — Adjudge that water service is a **recorded government obligation** ("**services provided by public utilities**"), repudiated by Defendants, and order **specific performance** and **commercial restitution**.

6. **Compensatory Damages** — Full restitution for property damage, loss of use/habitability, environmental degradation, and consequential losses, jointly and severally.

   6A. **Liquidated/Contract Damages (Cal. Civ. Code § 1671(b))** — **\*\*Enforce the parties' agreement for liquidated damages in the amount of \$415,000 plus \$1,000 per day from September 9, 2025** (the unlawful shutoff) **until** (i) full physical restoration of

Date: November 4, 2025

continuous water service, **and** (ii) filing of a sworn compliance certification and independent verification of system integrity. This recovery is cumulative and **in addition to** statutory, constitutional, and equitable remedies, and is **joint and several** against all liable parties. Pre- and post-judgment interest to accrue at the maximum rate permitted by California law, together with costs of collection. The clause is **not a penalty** but a reasonable advance estimate of damages given foreseeable habitability loss, infrastructure deterioration, and constitutional injury.

7. **Treble Damages (42 U.S.C. § 1983; 18 U.S.C. § 1964(c); Cal. Civ. Code § 52(b)(2); Cal. Civ. Code § 3294)** — In light of Defendants' malicious, oppressive, and fraudulent acts under color of law, Plaintiff demands treble damages for all compensatory and liquidated sums pursuant to the federal civil-rights and RICO enhancement provisions and California's statutory punitive framework.

This trebled amount reflects the egregious nature of the deprivation—cutting off essential human services in knowing defiance of verified notice and constitutional duty—and shall be assessed personally and jointly against all Defendants in both individual and official capacities.

8. **Punitive/Exemplary Damages (Civ. Code § 3294; § 1983)** — For **malice, oppression, and fraud** by Martin, Larocchia, and Gurney acting under color of law.

9. **Attorneys' Fees and Costs (42 U.S.C. § 1988(b); CCP § 1021.5)** — Full fee-shift against **Defendants personally and officially**, not taxpayers.

10. **Contempt & Coercive Sanctions** — Issue an **Order to Show Cause** why Defendants should not be held in **civil contempt** for continued deprivation after verified notice; set **daily coercive fines** for any noncompliance.

11. **Preservation & Anti-Spoilation** — Order immediate preservation of all **emails, call logs, account notes, billing records, service tickets, policy manuals, and training materials**; forensically image relevant systems.

Date: November 4, 2025

**12. Monitoring & Deadlines** — Require a **24-hour compliance report** confirming reconnection; **7-day remedial plan** for system integrity; and **rolling status reports** every 14 days until final judgment.

**13. Retention of Jurisdiction** — The Court retains **continuing jurisdiction** to enforce, modify, and sanction to ensure **uninterrupted service** and full remediation.

## Proposed Findings (Necessary and Supported by the Verified Record)

- **Findings of Fact.** *(retain i–vi as drafted)*

  **(vii)** The governing service agreement/tariff constitutes a binding contract; it includes a **liquidated-damages provision of $415,000 plus $1,000/day** triggered by wrongful discontinuance/denial of service to a lawful occupant; Defendants' refusal after verified notice **triggered and continues to trigger** that provision.

- **Conclusions of Law.** *(retain i–v as drafted)*

  **(vi)** Under **Cal. Civ. Code § 1671(b)**, the liquidated-damages clause is **valid and enforceable**, particularly where actual damages from habitability loss, infrastructure decay, and constitutional deprivation are impracticable or extremely difficult to fix; public-utility tariffs/agreements operate with the force of contract and are judicially enforceable in equity and at law.

- **Immunity.** No qualified, discretionary, or sovereign immunity attaches to **ultra vires**, bad-faith, rights-violating acts. See **Hafer v. Melo**, **Owen**, **Scheuer**.

## Final Word

Defendants chose fraud over law, retaliation over duty, and deprivation over decency. The record is verified; their denials are not. **Restore the water now**, or face injunction, contempt, damages, fees, and punitive sanctions. **Equity will not suffer a wrong to be without a remedy**—and there is nothing equitable about making a family live without water.

//

//

**— Further affiant sayeth naught.**

Date: November 4, 2025

## **VERIFICATION:**

## **Pursuant to 28 U.S.C. § 1746**

I, Kevin: of the Realworldfare Family (formerly Kevin: of the Walker Family), a
natural born living man, over the age of 18, competent to testify, and having
**firsthand knowledge** of the facts stated herein, do hereby **declare, certify,
verify, affirm, and state** under penalty of perjury under the laws of the **United
States of America**, that the foregoing statements are **true, correct, and
complete**, to the best of my **understanding, knowledge, and belief**, and made
in **good faith**.

Executed, signed, and sealed this 4th day of November in the year of Our Lord two
thousand and twenty five, *without* the United States.

> **All rights reserved without prejudice and without recourse,
> UCC § 1-308, 3-402.**

By: _Kevin: Realworldfare_____

Kevin: Realworldfare, *Real Party In Interest,
Secured Party, Injured Party, Heir, Creditor*

//
//
//
//
//
//
//
//
//
//
//
//

Date: November 4, 2025

# VERIFIED EXHIBIT LIST IN SUPPORT OF VERIFIED BILL IN EQUITY AND CLAIMS:

1. **Exhibit A** — *VERIFIED* (28 U.S.C. § 1746) AFFIDAVIT OF FACTS, NOTICE OF INTENT TO SUE, AND FORMAL DEMAND TO RESTORE SERVICE, Delivered via certified mail no. ***7022 2410 0001 7119 3356.***

2. **Exhibit B** — Grant Deed for Memory Starburst Trust .

3. **Exhibit C** — Grant Deed for WG EXPRESS TRUST.

4. **Exhibit D** — EIN issuance for WG EXPRESS TRUST.

5. **Exhibit E** — **USPS Proof of Delivery** of *VERIFIED* (28 U.S.C. § 1746) AFFIDAVIT OF FACTS, NOTICE OF INTENT TO SUE, AND FORMAL DEMAND TO RESTORE SERVICE.

6. **Exhibit F** — **Proof of Email sent to Defendants on October 24, 2025 and 6:05pm**, tendering *VERIFIED* (28 U.S.C. § 1746) AFFIDAVIT OF FACTS, NOTICE OF INTENT TO SUE, AND FORMAL DEMAND TO RESTORE SERVICE (Certified Mail No. 7022 2410 0001 7119 3356).

7. **Exhibit G** — ***UCC-1 Financing Statement* No. 2024385925-4** – Perfected claim over any and all assets, including, without limitation, the Deed of Trust and associated Note, placing them under secured party control and outside Defendants' lawful reach.

8. Exhibit H — **UCC-1 Financing Statement No. 2025470746-9 —(Estate & All Assets)**
   Lawfully perfected and recorded UCC-1 Financing Statement securing Plaintiff's interest in all trust property, estate assets, and commercial collateral, rebutting any presumption of public debt or abandonment.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

# P R O O F   O F   S E R V I C E

STATE OF TEXAS                )

                              )        ss.

COUNTY OF WILLIAMSON          )

 I competent, over the age of eighteen years, and not a party to the within action.  My mailing address is the Walkernova Group, **care of:** 2082 Highway 183 #170-229.  On or about **November 7, 2025**, I served the within documents:

1. <u>VERIFIED</u> **BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983**

2.   **CONFORMED SUMMONS**

3.   **CIVIL COVER SHEET**

4.  **CERTIFICATION AND NOTICE OF INTERESTED PARTIES**

5.   **Exhibits A through H**

 **By United States Mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail in Williamson County, Texas, and sent via **Certified or Registered Mail** *with a form 3811*.

Date: November 4, 2025

Jason Martin,
42135 Winchester Road
Temecula, California [92590]
Certified Mail No. 7022 2410 0001 7118 5542

Krista Larocchia
42135 Winchester Road
Temecula, California [92590]
Certified Mail No. 7022 2410 0001 7119 3370

Nathan Gurney,
42135 Winchester Road
Temecula, California [92590]
Certified Mail No. 7022 2410 0001 7119 3387

RANCHO WATER COMPANY,
42135 Winchester Road
Temecula, California [92590]
Certified Mail No. 7022 2410 0001 7119 3394

RANCHO CALIFORNIA WATER DISTRICT VEBA TRUST
42135 Winchester Road
Temecula, California [92590]
Certified Mail No. 7022 2410 0001 7119 3400

**By Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Jason Martin,
42135 Winchester Road
Temecula, California [92590]
martinj@ranchowater.com

Krista Larocchia
42135 Winchester Road
Temecula, California [92590]
larocchiak@ranchowater.com,

Date: November 4, 2025

Nathan Gurney,
42135 Winchester Road
Temecula, California [92590]
gurneyn@ranchowater.com,

RANCHO WATER COMPANY,
42135 Winchester Road
Temecula, California [92590]
rwbilling@ranchowater.com,

RANCHO CALIFORNIA WATER DISTRICT VEBA TRUST
42135 Winchester Road
Temecula, California [92590]
rwbilling@ranchowater.com,

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct. Executed on **November 4, 2025** in Williamson County, California.

*/s/Chris Yarbra/*

Chris Yarbra

**NOTICE:**

Using a notary on this document does ***not*** constitute joinder adhesion, or consent to any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983

Date: November 4, 2025

# ACKNOWLEDGEMENT:

State of Texas                    )

                                  ) ss.

County of Williamson              )

On this 4th day of November, 2025, before me,  Dixie Jo Forkl , a Notary Public,

personally appeared Kevin, who proved to me on the basis of satisfactory evidence to

be the person(s) whose name(s) is/are subscribed to the within instrument and

acknowledged to me that he/she/they executed the same in his/her/their authorized

capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or

the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the

foregoing paragraph is true and correct.

WITNESS my hand and official seal.

 ___ Seal:



VERIFIED BILL IN EQUITY FOR DEPRIVATION OF RIGHTS, FRAUD UNDER COLOR OF LAW, AND DEMAND FOR EQUITABLE RELIEF, AND DEMAND FOR MANDATORY RELIEF UNDER 28 U.S.C. § 1651 AND 42 U.S.C. § 1983