UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEVIN REALWORLDFARE,

Plaintiff,

v.

KRISTIA LAROCCHIA ,et al.,

Defendants.

Case No. 5:25-cv-02958-SVW-ACCV

**ORDER DISMISSING COMPLAINT**

## BACKGROUND

On November 4, 2025, Plaintiff filed a Complaint against Defendants Nathan Gurney (in individual and official capacities), Kristia Larocchia (in individual and official capacities), Jason Martin (in individual and official capacities), Rancho California Water District, and Rancho California Water District Veba Trust (collectively, "Defendants").  (Electronic Case Filing Number ("ECF No.") 1, Complaint.)  On November 13, 2025, Plaintiff filed a Verified Emergency Demand for Immediate Restoration of Water Service, Temporary Restraining Order (TRO), Preliminary Injunction, and Mandatory Order for Specific Performance ("TRO Motion") (capitalization normalized), which was denied on November 18, 2025.

1

(ECF No. 5, TRO Motion; ECF No. 6, Order Denying TRO Motion.)

On November 19, 2025, Plaintiff filed a Verified Renewed Emergency Demand for Temporary Restraining Order (TRO), Demand for Rule 52(A) Findings, Notice of Factual Error, Personal 42 U.S.C. 1983 and Bivens Liability, and Preservation of Appellate Rights ("Second TRO Motion") (capitalization normalized).  (ECF No. 7, Second TRO Motion.)  On November 23, 2025, Plaintiff filed a Verified Emergency Rule 52(A) Deficiency Notice and Demand for Immediate Compliance / Notice of Intent for Emergency Relief Under 28 U.S.C. 1292(A)(1) and Bivens Enforcement ("Demand") (capitalization normalized).  (ECF No. 11, Demand.)  The Second TRO Motion was denied on January 26, 2026.  (ECF No. 13, Order Denying Second TRO Motion.)

On February 26, 2026, the Magistrate Judge ordered Plaintiff to show cause for failure to serve all named defendants within 90 days after the complaint was filed.  (ECF No. 14, ORDER TO SHOW CAUSE RE: FAILURE TO SERV ("OSC").)  The OSC required Plaintiff to show cause, on or before March 11, 2026, "in writing why the complaint should not be dismissed without prejudice for failure to prosecute; or file a proof of service demonstrating proper service of the summons and complaint on all defendants."  (ECF No. 14, OSC at 1.)  To date, Plaintiff has not shown cause or filed proof of service.

As of the date of this Order, Plaintiff has failed to show cause why this case should not be dismissed or to otherwise participate in this litigation.  Plaintiff has not responded to the OSC and has not contacted the Court.

## DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent

power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.") (internal quotations and alterations omitted).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal.  Plaintiff has not shown cause or filed proof of service per the Court's February 26, 2026, OSC.  Plaintiff also has not requested an extension of time to do so.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been:  (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  (*See* ECF No. 14, OSC at 1.)  Under these circumstances, the policy favoring resolution of disputes on the merits does not

outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown either an unwillingness or inability to comply with court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action.

Finally, while dismissal should not be entered unless plaintiff has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of dismissal. (*See* ECF No. 14, OSC at 1.)

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

### ORDER

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: May 1, 2026

_____
HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

_____
HONORABLE ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4